**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMANTHA TAVEL A/K/A CANDY CARTWRIGHT, | : | |
| | : | |
| Plaintiff, | : | CASE NO. _____ |
| | : | |
| v. | : | |
| | : | |
| MATT RIDDLE, WORLD WRESTLING ENTERTAINMENT, INC., EVOLVE WRESTLING, INC., AND GABE SAPOLSKY, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant World Wrestling Entertainment, Inc. ("WWE") hereby removes the above-captioned civil action (the "Action") that was commenced in the Circuit Court of Cook County (the "State Court") as Case No. 2020-L-010738. WWE files this Notice of Removal without waiving any right, defense, affirmative defense, or motion, including, without limitation, lack of personal jurisdiction over WWE. In support of this Notice of Removal, WWE states as follows:

**I.     Background on this Action**

1.     On October 8, 2020, Plaintiff filed the Complaint in this Action in the State Court.

2.     WWE, through its registered agent, was served with a copy of the Summons and Complaint that was filed in the State Court on October 26, 2020.

1

3.      In the Complaint, Plaintiff asserts one count against each of the Defendants, including WWE, for violation of the Illinois Gender Violence Act, 740 ILCS 82/1 *et seq*.

4.      In the Complaint, Plaintiff demands judgment against each of the Defendants, including WWE, "for an amount in excess of $10,000,000.00 including but not limited to actual damages, damages for emotional distress, punitive damages, attorneys' fees and costs."

## II.      Grounds for Removal

5.      Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

6.      Additionally, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states."

7.      Removal of this case is proper under 28 U.S.C. §§ 1332 and 1441(a).  Specifically, removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

### A.      Citizenship of the Parties

8.      Plaintiff Samantha Tavel is a citizen of the State of New York.

9.      Defendant WWE is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Connecticut.  *See* WWE's 2019 Form 10-K Cover Page attached as Exhibit A.

10.      Defendant Matt Riddle is a citizen of the State of Florida.

11.     Defendant Evolve Wrestling, Inc. was incorporated under the laws of the State of Florida, with its principal place of business in the State of Florida.  *See* Exhibit B.

12.     Defendant Gabe Sapolsky is a citizen of the Commonwealth of Massachusetts.

13.     Accordingly, there is complete diversity between the Plaintiff and all of the Defendants.  *See Aquino v. C.R. Bard, Inc.*, No. 18 C 5291, 2018 WL 5717423, at \*2 (N.D. Ill. Nov. 1, 2018) (quoting *Slonke v. Wis. Dep't of Workforce Dev.*, 734 F. App'x 354, 355 (7th Cir. 2018) ("'[C]omplete diversity' means 'that no defendant may be a citizen of the same state as the plaintiff.'").

**B.     Amount in Controversy**

14.     28 U.S.C. § 1446(c)(2) provides that, subject to certain exceptions not applicable here, "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

15.     In the Complaint, Plaintiff demands judgment against each of the Defendants, including WWE, "for an amount in excess of $10,000,000.00 including but not limited to actual damages, damages for emotional distress, punitive damages, attorneys' fees and costs."

16.     Accordingly, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

                    *                    *                    *

17.     Based on the foregoing, this Court properly has subject matter jurisdiction over this Action under 28 U.S.C. § 1332.

### III.    Procedural Compliance for Removal

18.    All procedural requirements for removal are satisfied.

19.    Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this District and Division embrace the State Court in which the Action was filed.

20.    In accordance with 28 U.S.C. § 1446(a), all process, pleadings, or orders served on WWE in this Action are attached as Exhibit C.

21.    In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is being timely filed within thirty (30) days after service on WWE of a copy of the Summons and Complaint that was filed in the State Court on October 26, 2020.

22.    In accordance with 28 U.S.C. § 1446(b)(2)(A), all Defendants consent to the removal of this Action.  *See* Exhibits D-F.

23.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel of record in the State Court by U.S. Mail to:  John Chwarzynski, Jr., HALE & MONICO, 53 West Jackson, Suite 337, Chicago, Illinois 60604, and by email to: jwc@halemonico.com.

24.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of Cook County.

WHEREFORE, removal of this Action to this Court is proper, and this case is hereby removed to this Court.

Dated:  November 17, 2020                    Respectfully submitted,


                                             */s/ Desiree F. Moore*
                                             Desiree F. Moore (Illinois Bar No. 6286198)
                                             desiree.moore@klgates.com
                                             Marvis A. Barnes (Illinois Bar No. 6317500)
                                             marvis.barnes@klgates.com
                                             K&L GATES LLP
                                             70 W. Madison Street.
                                             Suite 3100
                                             Chicago, IL 60602
                                             Phone: (312) 372-1121
                                             Facsimile: (312) 827-8000


                                             Jerry S. McDevitt (*pro hac vice* forthcoming)
                                             jerry.mcdevitt@klgates.com
                                             Curtis B. Krasik (*pro hac vice* forthcoming)
                                             curtis.krasik@klgates.com
                                             K&L GATES LLP
                                             K&L Gates Center
                                             210 Sixth Avenue
                                             Pittsburgh, PA 15222
                                             Phone:  (412) 355.6500
                                             Facsimile: (412) 355-6501

                                             **Attorneys for Defendant World Wrestling
                                             Entertainment, Inc.**

5

## CERTIFICATE OF SERVICE

I hereby certify that, on November 17, 2020, a copy of the foregoing was sent by e-mail and U.S. Mail, postage prepaid, to:

John Chwarzynski, Jr.
HALE & MONICO
53 West Jackson
Suite 337
Chicago, Illinois 60604
jwc@halemonico.com


*/s/ Desiree F. Moore*
Desiree F. Moore

6