# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMANTHA TAVEL A/K/A CANDY CARTWRIGHT, | : : : | |
| Plaintiff, | : : | Case No. 1:20-cv-06805 |
| v. | : : | |
| MATT RIDDLE, WORLD WRESTLING ENTERTAINMENT, INC., EVOLVE WRESTLING, INC., AND GABE SAPOLSKY, | : : : : : | Honorable Manish S. Shah |
| Defendants. | : : | |

### WORLD WRESTLING ENTERTAINMENT, INC.'S
### MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSED
### MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) & 12(b)(6)

Desiree F. Moore (6286198)
Marvis A. Barnes (6317500)
K&L GATES LLP
70 W. Madison Street.
Suite 3100
Chicago, IL 60602
Phone: (312) 372-1121
Facsimile: (312) 827-8000
Email: desiree.moore@klgates.com
Email: marvis.barnes@klgates.com

Jerry S. McDevitt
Curtis B. Krasik
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

I.  INTRODUCTION

Plaintiff's Complaint asserts a single count against World Wrestling Entertainment, Inc. ("WWE") for allegedly violating the Illinois Gender Violence Act, 740 ILCS 82/1 *et seq.* ("IGVA"), which prohibits "personally encouraging or assisting" acts of gender-violence. *See* Compl., Count II at ¶ 39. Specifically, the Complaint alleges that Defendant Matt Riddle sexually assaulted Plaintiff after two wrestling events promoted by Defendant Evolve Wrestling, Inc. ("Evolve") in April 2017 and on or about May 19, 2018. *See id.* at ¶¶ 21, 27. The Complaint, however, fails to allege—and cannot allege—that WWE had any involvement whatsoever in these alleged incidents. Fatally, WWE had no relationship with Riddle at the time of either incident. WWE did not even enter into a contract with Riddle to perform for WWE until August 8, 2018—well after the events at issue. Thus, the Complaint contains no allegation of anything that WWE supposedly did to "personally encourage[e] or assist[ ]" Riddle in connection with any alleged sexual assault of the Plaintiff, as required to violate the IGVA. *See* 740 ILCS 82/10.

Plaintiff's IGVA claim against WWE is legally deficient in multiple respects. As an initial matter, Plaintiff's Complaint against WWE should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because this Court lacks personal jurisdiction over WWE with respect to Plaintiff's IGVA claim. WWE is neither "at home" in Illinois to establish general personal jurisdiction, nor did it have any involvement in the sole Illinois-related contact alleged in the Complaint—the May 19, 2018 wrestling event promoted by Evolve—to establish specific personal jurisdiction.

In addition and/or in the alternative, Plaintiff's IGVA claim against WWE fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) for three separate and independent reasons.

*First*, the Complaint fails to plausibly allege that WWE "personally encourage[ed] or assist[ed]" Riddle's alleged sexual assaults of Plaintiff. Federal and state courts have uniformly

1

ruled that the requirement of personal encouragement or assistance "implies a conscious, active role, not merely a failure to act or tolerance of a situation." *Doe ex rel. Smith v. Sobeck*, 941 F. Supp. 2d 1018, 1028 (S.D. Ill. 2013); *accord Watkins v. Steiner*, 2013 IL App (5th) 110421, at *3 (Ill. App. Ct. Jan. 14, 2013); *Doe v. Psi Upsilon Int'l*, 2011 IL App (1st) 110306, 330-31 (Ill. App. Ct. Dec. 16, 2011). There is no allegation in the Complaint that WWE "consciously" or "actively" had any role whatsoever in Riddle's alleged sexual assaults of Plaintiff.

*Second*, Plaintiff falsely alleges that Riddle was an employee and agent of WWE at the time of the alleged conduct, but even if accurate (which it is not), WWE could not be vicariously liable for Riddle's alleged sexual assaults of Plaintiff under a theory of *respondeat superior*. The Seventh Circuit has ruled that "under Illinois law, sexual assault categorically is never within the scope" of employment. *Martin v. Milwaukee Cty.*, 904 F.3d 544, 556 (7th Cir. 2018).

*Third*, the IGVA does not apply to corporations, like WWE, in any event. Courts in this District have found that "every court to squarely address this issue has decided that the IGVA does not apply to corporations." *Robinson v. FedEx Ground Package Sys., Inc.*, 19 C 1710, 2020 WL 586866, at *3 (N.D. Ill. Feb. 6, 2020).

## II. FACTUAL AND PROCEDURAL BACKGROUND

The factual information alleged in the Complaint is exceedingly sparse and essentially non-existent as to WWE.[1] The Complaint alleges that Plaintiff was a professional wrestler and social media ambassador for Evolve, an entirely different company, and that Riddle supposedly sexually assaulted Plaintiff in two specifically-identified incidents following wrestling events promoted by Evolve in April 2017 and on or about May 19, 2018. *See* Compl. ¶¶ 20-21, 26-27. The May 19,

---

[1] WWE accepts the well-pleaded allegations of the Complaint as true for purposes its Rule 12(b)(6) motion only.

2

2018 incident allegedly occurred in Summit, Illinois, which is this action's only alleged connection to Illinois. *See id.* at ¶¶ 26-27. Aside from these two alleged incidents, the Complaint alleges in non-specific and vague terms that Riddle supposedly continued to sexually assault Plaintiff after May 19, 2018 in an unidentified number of incidents, in unidentified places, and in unidentified ways for an additional approximately 20 months through January 31, 2020. *See id.* at ¶¶ 30-34.

There are simply no well-pleaded factual allegations in the Complaint against WWE. The Complaint merely asserts, in conclusory allegations without a shred of factual enhancement, that Riddle and Defendant Gabe Sapolsky were employees and agents of WWE (*see id.* at ¶¶ 12, 15, 30); WWE controlled the wrestling events promoted by Evolve (*see id.* at ¶¶ 5, 7-8); and WWE "tacitly approved" of Riddle's alleged conduct (*see id.* at ¶¶ 24-25, 35). There is no allegation, much less fact, plead in the Complaint that WWE had any involvement whatsoever in any alleged sexual assault of Plaintiff. In reality, Plaintiff is alleging that she was sexually assaulted by a wrestler not affiliated with WWE after events promoted by a wrestling company other than WWE.

The Complaint was originally filed in the Circuit Court of Cook County, Illinois. After being served on October 26, 2020, WWE timely removed the lawsuit to this Court on November 17, 2020. WWE timely files this Motion to Dismiss in accordance with Fed. R. Civ. P. 81(c).

### III.     ARGUMENT

**A.     This Court Lacks Personal Jurisdiction Over WWE Pursuant to Fed. R. Civ. P. 12(b)(2)**

**1.     Legal Standard**

As a procedural matter, "personal jurisdiction is governed by the law of the forum state." *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). "The Illinois long-arm statute permits the court to exercise jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment. . . . Thus, the state statutory and federal constitutional requirements

3

merge." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). "For a court to exercise jurisdiction over an out-of-state defendant, the key issue for constitutional purposes is whether the defendant has sufficient 'minimum contacts' with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Felland*, 682 F.3d at 672-73 (internal quotations and citations omitted). "Each defendant must have purposely established minimum contacts with the forum state such that he or she should reasonably anticipate being haled into court there." *Id.* (internal quotations and citations omitted). The Seventh Circuit has cautioned that "potential defendants should have some control over — and certainly should not be surprised by — the jurisdictional consequences of their actions." *Id.* (citation omitted).

Personal jurisdiction can be either "general" or "specific." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction "is proper only in the limited number of fora in which the defendant can be said to be 'at home.' For a corporation, such places include the state of incorporation and the state of the principal place of business." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). In contrast, specific jurisdiction "refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Brook*, 873 F.3d at 552.

When a "defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The plaintiff must establish minimum contacts for *each defendant*; one defendant's contacts may not be imputed to other defendants. *See id.* at 784. In analyzing a Rule 12(b)(2) motion, "courts may consider matters outside of the pleadings." *Johnson v. Barrier*, No. 15-CV-03928, 2016 WL 3520157, at *2 (N.D. Ill. Jun 28, 2016). When the issue is decided on

4

the basis of written materials without an evidentiary hearing, the plaintiff bears "the burden of making a prima facie case for personal jurisdiction." *Id.* (quoting *uBid, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24) (7th Cir. 2010)). "[C]ourts accept as true all unrefuted facts in the defendants' declarations or affidavits. . . . Accordingly, when defendants challenge a fact alleged in the plaintiff's complaint with a sworn statement, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Sifuna v. Accreditation Council of Pharmacy Educ.*, No. 17-cv-0028, 2017 WL 5891224, at *1 (N.D. Ill. Nov. 28, 2017) (Shah, J.).

Although the Complaint does not make clear if Plaintiff is asserting personal jurisdiction over WWE on the basis of general or specific jurisdiction, either theory fails.

### 2. Plaintiff Has Not Demonstrated, and Cannot Demonstrate, this Court's General Jurisdiction Over WWE

WWE is not subject to this Court's general jurisdiction. As noted, general jurisdiction "is proper only in the limited number of fora in which the defendant can be said to be 'at home.' For a corporation, such places include the state of incorporation and the state of principal place of business." *Advanced Tactical Ordnance Sys.*, 751 F.3d at 800; *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"). Because general jurisdiction allows a defendant to be sued in the forum "in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world," the constitutional requirement for general jurisdiction is very high and "'considerably more stringent' than that required for specific jurisdiction." *Purdue Research Found.*, 338 F.3d at 787 (citation omitted) (emphasis in original).

WWE is incorporated in Delaware and headquartered in Connecticut. *See* Notice of Removal, Doc. 1 at Ex. A. As such, WWE is not "at home" in Illinois and therefore cannot be

5

subject to the Court's general jurisdiction. *See Dobrowolski v. Intelius, Inc.*, No. 17 CV 1406, 2017 WL 3720170, at *3 (Aug. 29, 2017) (Shah, J.) (finding defendant incorporated in Delaware and headquartered in Washington was not "at home" in Illinois to establish general jurisdiction).

### 3. Plaintiff Has Not Demonstrated, and Cannot Demonstrate, this Court's Specific Jurisdiction Over WWE

Specific jurisdiction is proper only if (1) the out-of-state defendant "'purposefully directed' its activities at residents of the forum" State, and (2) the plaintiff's "alleged injuries 'arise out of or relate to those activities.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted). Thus, "[s]pecific jurisdiction requires a defendant's contacts with the forum State to be directly related to the conduct pertaining to the claims asserted." *Brook*, 873 F.3d at 552. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1781 (2017).

The only Illinois-related contact plead in the Complaint is an alleged wrestling event promoted by Evolve in Summit, Illinois on or about May 19, 2018, after which Riddle allegedly sexually assaulted the Plaintiff "while on a bus leaving the event." *See* Compl. ¶¶ 26-27. WWE, however, had no relationship whatsoever with Riddle as of May 19, 2018; WWE first entered into a contract with Riddle to perform for WWE on August 8, 2018. *See* Declaration of Mark Carrano ¶ 6, Ex. A. WWE also had no involvement of any kind with the May 19, 2018 wrestling event promoted by Evolve. *See id.* at ¶ 9. In an attempt to falsely connect WWE to Evolve, the Complaint asserts the conclusory allegations that: "[o]n before, and after May 19, 2018, defendant WWE was actively involved in the conduct of business of Evolve," Compl. ¶ 5; "[o]n before, and after May 19, 2018, defendant WWE and its representatives acted as agents of Evolve," *id.* ¶ 6; "[o]n before, and after May 19, 2018, defendant WWE had control of the events conducted by

6

defendant, Evolve, *id.* ¶ 7; and "[o]n before, and after May 19, 2018, defendant WWE provided rules for which defendant Evolve's agents had to comply with," *id.* ¶ 8. These allegations are simply false. *See* Carrano Decl. at ¶ 10, Ex. A. Regardless, such "[f]actual assertions that amount only to 'vague generalizations or unsupported allegations,' are insufficient to support personal jurisdiction." *Wilson v. Nouvag, GmbH*, No. 15 CV 11700, 2018 WL 1565602, at *2 (N.D. Ill. Mar. 30, 2018) (citation omitted).

Because WWE had no involvement in, or connection to, the sole Illinois-related contact alleged in the Complaint, WWE cannot be subject to this Court's specific personal jurisdiction on Plaintiff's claim arising out of that contact. WWE's activities in Illinois unconnected to the May 19, 2018 Evolve wrestling event are irrelevant to, and cannot serve as a basis for, the Court's specific jurisdiction over WWE on a claim that does not arise out of or relate to those entirely distinct activities. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781.

**B.     The Complaint Fails to State A Claim Upon Which Relief May Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6)**

**1.     Legal Standard**

"To survive a motion to dismiss, the complaint must contain sufficient factual information to 'state a claim to relief that is plausible on its face.'" *U.S. ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To state a plausible claim for relief, the factual allegations of the complaint must "raise a right to relief above the speculative level.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). "That is, the complaint must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). "In reviewing the sufficiency of a complaint under the plausibility standard, [the court] accept[s] the well-pleaded facts in the complaint as true, but [the court] 'need not accept as

7

true any legal assertions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Id.* (citation omitted). Thus, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

### 2. The Complaint Fails to State A Viable Claim Against WWE For "Personally Encouraging or Assisting" Acts of Gender-Violence Under the IGVA

The IGVA provides, in pertinent part, that "[a]ny person who has been subjected to gender-related violence . . . may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. For purposes of this section, 'perpetrating' means either personally committing the gender-related violence or personally encouraging or assisting the acts of gender-related violence." 740 Ill. Comp. Stat. 82/10 (emphasis added). The IGVA defines "gender-related violence' to include "[o]ne or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex . . . ." 740 Ill. Comp. Stat. 82/5. In turn, battery under Illinois law is committed when a person "knowingly and without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3(a).

Here, Plaintiff alleges:

> Defendant WWE by and through its agents and/or employees perpetrated gender violence against the Plaintiff by encouraging or assisting in gender violence in one or more of the following ways:
> a. Allowed, encouraged or permitted the defendant, Matt Riddle, to commit gender violence acts against the Plaintiff;
> b. Knew or should have known that the defendant, Matt Riddle, had a propensity to commit such acts;
> c. Knew or should have known that Gabe Sapolsky, knew, and encouraged these sexual acts committed by Matt Riddle; and
> d. Created an atmosphere of toxic misogyny that encourages gender violence.

Compl., Count II at ¶ 39. These allegations do not state a plausible claim under the IGVA as a

8

matter of law.

### a. The Allegation that WWE Allowed, Encouraged or Permitted Riddle To Commit Gender Violence Acts Against Plaintiff Is Legally Insufficient to State A Claim Under the IGVA

Federal and state courts construing the IGVA have uniformly ruled that the requirement of personal encouragement or assistance "implies a conscious, active role, not merely a failure to act or tolerance of a situation." *Sobeck*, 941 F. Supp. 2d at 1028; *accord Watkins*, 2013 IL App (5th) 110421, at *3; *Psi Upsilon*, 2011 IL App (1st) 110306, 330-31. Citing the dictionary definition of those terms, *Sobeck* ruled that "'encourage' means 'to inspire with courage, spirit, or hope,' 'to attempt to persuade,' 'to spur on,' or 'to give help or patronage to,' . . . and 'assist' includes 'to give support or aid.'" *Sobeck*, 41 F. Supp. 2d at 1028. On this standard, "allow[ing]" or "permitt[ing]" Riddle to commit gender violence acts against the Plaintiff, even if true (which it is not) plainly does not state a claim under the IGVA. *See Jackson v. E. Saint Louis Bd. of Educ. Dist. 189*, No. 19-CV-1030-SMY, 2020 WL 4260531, at *2 (S.D. Ill. July 24, 2020) (holding allegations that a corporate defendant "made no attempt to curtail" and "adopted and codified" an employee's actions failed to state a viable claim under the IGVA).

As for "encourage[ing]" such acts, like the IGVA claim that was rejected in *Sobeck*, the allegations of the Complaint "do not plausibly suggest that [WWE] encouraged [Riddle]. [WWE] certainly did not inspire him with courage by, for example, giving him a pep talk before meeting with [Plaintiff]. They did not attempt to persuade him that raping [Plaintiff] would be a good idea, and they did not spur him on to his violence." *Sobeck*, 941 F. Supp. 2d at 1028. Indeed, not only is the Complaint devoid of allegations that WWE engaged in a conscious or active role with respect to the two sexual assaults purportedly committed by Riddle, there is no allegation that WWE even had knowledge of any alleged sexual assault of the Plaintiff. This is not surprising given that the

9

two alleged sexual assaults identified in the Complaint—in April 2017 and on or about May 19, 2018—occurred months before Riddle first entered into a contract to perform for WWE as of August 8, 2018. *See* Carrano Decl. ¶ 6, Ex. A. Because WWE had no relationship with Riddle at the time of the two alleged sexual assaults identified in the Complaint, and WWE is not alleged to have had any actual knowledge of them, it simply is not plausible that WWE encouraged Riddle to commit such alleged acts of gender-related violence.

Even if WWE somehow were charged with knowledge of Defendant Riddle's alleged sexual assaults of Plaintiff, courts in this Circuit have repeatedly held that "a corporation's knowledge plus inaction doesn't state a claim for personally encouraging or assisting under the IGVA." *Brownlee v. Catholic Diocese of Archdiocese of Chi.*, No. 16-CV-00665, 2018 WL 1519155, at *11 (N.D. Ill. Mar. 28, 2019) (citing *Watkins* and *Psi Upsilon*); *see also Sheaffer v. Glendale Nissan, Inc.*, No. 19 C 3899, 2020 WL 70939, at *3 (N.D. Ill. Jan. 6, 2020) (same); *Balderas v. Ill. Cen. R.R Co.*, No. 20 C 1857, 2020 WL 5763576, at *2 (N.D. Ill. Sept. 28, 2020) (same). Accordingly, allegations that a corporate defendant "had knowledge that its employee had committed an act of gender-related violence . . . and had failed to take a reasonable corrective action" do not state a claim under the IGVA." *Sheaffer*, 2020 WL 70939, at *3; *see also Balderas*, 2020 WL 5763576, at *2 (finding "[*Sheaffer*'s] reasoning persuasive" in dismissing IGVA count against corporate defendant).

        **b.**    **The Allegation that WWE Knew or Should Have Known that Riddle Had A Propensity to Commit Such Acts Is Legally Insufficient to State A Claim Under the IGVA**

Such "knew or should have known" allegations are insufficient to state a claim under the IGVA. *See Sheaffer*, 2020 WL 70939, at *3 (dismissing IGVA claim based on allegations that defendant "knew or should have known of the gender-related violence and failed to take reasonable

10

corrective action"). Furthermore, as *Sobeck* ruled in rejecting similar claims based on the plain meaning of the terms of the IGVA, as well as the decisions by the Appellate Court of Illinois in *Watkins and Psi Upsilon*, "a defendant's failure to act against a possible harm [is] not encouragement or assistance" within the meaning of the IGVA. *Sobeck*, 941 F. Supp. 2d at 1028; *accord Watkins*, 2013 IL App (5th) 110421, at *3; *Psi Upsilon*, 2011 IL App (1st) 110306 at 331.

      **c.**      **The Allegation that WWE Knew or Should Have Known that Sapolsky Knew and Encouraged Sexual Acts Committed by Riddle Is Legally Insufficient to State A Claim Under the IGVA**

In addition to the deficiencies of "knew or should have known" allegations noted above, Sapolsky is not alleged to have perpetrated any gender-related violence against the Plaintiff and consequently he did nothing that WWE plausibly could have encouraged in violation of the IGVA.

      **d**.      **The Allegation that WWE Created An Atmosphere of Toxic Misogyny Encouraging Gender Violence Is Scandalous and Insufficient to State A Claim Under the IGVA**

Plaintiff's scandalous, impertinent, and false polemical attack on WWE likewise fails to allege that WWE had any kind of "conscious, active role" in Riddle's alleged sexual assaults of the Plaintiff. *See Sobeck*, 941 F. Supp. 2d at 1028. The absence of any allegation connecting WWE to the alleged sexual assaults *of the Plaintiff* is fatal to her IGVA claim. *See Psi Upsilon*, 2011 IL App (1st) 110306 at 331 (affirming dismissal of IGVA claim due to lack of a "connection" between the corporate defendant and the alleged perpetrator's conduct).

    **3.**    **WWE Cannot Be Vicariously Liable Under the IGVA for Alleged Acts of Defendant Riddle**

In an attempt to concoct an IGVA claim against WWE out of whole cloth, the Complaint asserts the conclusory allegation that "[a]t all times relevant, defendant Matt Riddle was acting as an agent and/or employee" of WWE. Compl. ¶ 15. On its face, such a conclusory allegation of agency unsupported by "any facts regarding that supposed agency relationship" is legally deficient.

11

*See Affordable Bus. Interiors, Inc. v. Pomeroy IT Solutions Sales Co.*, No. 20 C 2351, 2020 WL 5542087, at *1 (N.D. Ill. Sept. 16, 2020) (granting Rule 12(b)(6) motion); *see also Stahly v. Amalgamated Transit Union, Local 996*, No. 3:10-CV-439, 2012 WL 266975, at *6 (N.D. Ind. Jan. 27, 2012) (finding plaintiff's "failure to provide any factual detail regarding her allegations of agency doom her" claim).[2]

Moreover, WWE could not be vicariously liable under the IGVA for any alleged sexual assaults by Riddle regardless. Under *respondeat superior*, an employer's vicarious liability only extends to acts committed within the scope of employment. *See Dennis v. Pace Suburban Bus Serv.*, 19 N.E.3d 85, 90 (Ill. App. Ct. 2014). "In the context of *respondeat superior* liability, the term 'scope of employment' excludes conduct by an employee that is solely for the benefit of the employee." *Deloney v. Bd. of Educ. of Thornton Twp.*, 666 N.E.2d 792, 798 (Ill App. Ct. 1996). The Seventh Circuit has ruled that "under Illinois law, sexual assault categorically is never within the scope" of employment. *Martin*, 904 F.3d at 556; *see also Deloney*, 666 N.E.2d at 797-98. This Court has also rejected vicarious liability for claims under the IGVA on the grounds that, in distinction to common law torts, there is no authority to apply vicarious liability to "statutory causes of action like the one the legislature created in the IGVA." *Fayfar v. CF Mgmt.-IL, LLC*, No. 12 C 3013, 2012 WL 6062663, at *3 (N.D. Ill. Nov. 4, 2012).

### 4. The IGVA Does Not Apply to Corporations Like WWE

Courts in each District in Illinois have found that "every court to squarely address this issue

---

[2] As further demonstrated in the context of WWE's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, Plaintiff's employee/agent allegation is factually false: WWE had no relationship with Riddle at the time he is alleged to have sexually assaulted the Plaintiff in April 2017 and on or about May 19, 2018 and, although the Complaint does not specifically allege any sexual assault of the Plaintiff after the date he first entered into a contact with WWE on August 8, 2018, Riddle's contract expressly provides that he is an independent contractor, and that "[n]othing in this Agreement shall be construed to constitute [Riddle] as an employee, partner or joint venture of [WWE], nor shall [Riddle] have any authority to bind [WWE] in any respect." *See id.* at ¶ 8 & at Ex. 1 ¶ 13.1.

has decided that the IGVA does not apply to corporations." *Robinson*, 2020 WL 586866, at *3; *see also Jackson*, 2020 WL 4260531, at *2 ("[E]very court that has squarely addressed whether [the IGVA] applies to both entities and natural persons has found that it does not."); *Rosas v. Komatsu Am. Corp.*, No. 18-CV-1120, 2018 WL 3758564, at *2 (C.D. Ill. Aug. 8, 2018) ("District Courts that have explicitly addressed the issue of whether an entity, as opposed to a natural person (human being), can be sued for violating the IGVA have all concluded that such suits against entities cannot be maintained."). Specifically, these courts, such as the Honorable Robert W. Gettleman's thorough and well-reasoned opinion in *Fuesting v. Uline, Inc.*, 30 F. Supp. 3d 739 (N.D. Ill. 2014), analyzed the IGVA under traditional statutory interpretation principles and concluded as follows:

> [T]he IGVA's cause of action cannot be brought against corporations. "[T]he plain and ordinary meaning of the term 'person' is 'an individual human being.'" . . . Absent a more expansive statutory definition of the word, "person" does not generally include legal entities within its meaning. . . . Consistent with this presumption, the Illinois legislature has, in the past, expressly indicated when it intends "person" to have a broader meaning. . . .
>
> In addition to the plain and ordinary meaning of "person," the context surrounding the word in the IGVA also indicates that corporations are not included in its meaning. In the IGVA, the word "perpetrating" immediately follows the phrase "person or persons." Perpetrating "means either *personally* committing the gender-related violence or *personally* encouraging or assisting the act or acts of gender-related violence." . . . Corporations cannot act "personally" because they act through their agents; thus, they cannot "perpetrate" under the IGVA. . . . Because a corporation cannot "perpetrate," it cannot be a "person" under the IGVA. A contrary conclusion would violate fundamental principles of statutory interpretation. A corporation could not be held liable under the IGVA unless "perpetrate" was read to be "meaningless surplusage." . . . To find a corporation were a "person" but could never be held liable under the IGVA would "be absurd." . . . Thus, the statutory context also shows that corporations cannot be a "person" under the IGVA.
>
> Plaintiffs attempt to refute the above conclusion by relying on the Statute on Statutes . . . . The Statute on Statutes states that "person" "may extend and be applied to bodies . . . corporate[.]" . . . This "does not mean that ["person"] must or even that it usually does" extend to corporations, only that it "may." . . . "Person,"

13

> though is "construed as applying to corporations and bodies politic as well unless the context, language, or legislative history indicates otherwise." . . . Here, the language indicates otherwise because the plain and ordinary meaning or "person" does not include corporations. Further, the context described above is "sufficient to overcome the presumption under the Statute on Statutes that the term "person" includes corporations." . . . Therefore, the Statute on Statutes does not control the meaning of "person" in the IGVA. . . .
>
> The plain meaning and context of the IGVA both indicate that a corporation is not a "person." Thus, the court concludes that the IGVA's cause of action does not extend to corporations.

*Fuesting*, 30 F. Supp. 2d at 743-44 (internal citations omitted) (emphasis in original); *accord Doe v. Freeburg Cmty. Consol. Sch. Dist. No. 70*, No. 14-CV-674-NJR-DGW, 2015 WL 3896960, at *3-4 (S.D. Ill. Jun. 23, 2015); *Doe v. Lee*, 943 F. Supp. 2d 870, 879 (N.D. Ill. 2013); *Fleming v. Fireside W., LLC*, NO. 12 C 1436, 2012 WL 6604642, at *3-4 (N.D. Ill. Dec. 18, 2012); *Fayfar*, 2012 WL 6062663, at *2.

Judge Gettleman's opinion in *Fuesting* has continued to be cited approvingly by the district courts in *Robinson* and *Jackson* even after the Appellate Court of Illinois' decision in *Gasic v. Marquette Mgmt., Inc.*, 146 N.E.3d 10 (Ill. Ct. App. 2019). In *Gasic*, citing "the evolution of corporate personhood in the case law" without analyzing the IGVA under Illinois principles of statutory interpretation, the Appellate Court of Illinois held "only that it would be hypothetically possible to sue a legal entity for acting personally under the [IGVA], if some fictional plaintiff were to file a perfectly-worded complaint." *Gasic*, 146 N.E.3d at 14. Notably, no corporation has been found to violate the IGVA post-*Gasic*

Notwithstanding *Gasic*, this Court must apply the IGVA, "as it believes the highest court of the state would apply it if the issue were presently before that tribunal." *State Farm Mut. Auto Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). "When construing a statute, the Illinois Supreme Court attempts to ascertain the legislature's intent, 'presuming the legislature did not

14

intend to create absurd, inconvenient or unjust results.'" *Fleming*, 2012 WL 6604642, at *3 (quoting *People v. Christopherson*, 899 N.E.2d 257, 260 (Ill. 2008)). "'The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. . . . When the statutory language is clear and unambiguous, it must be given effect without resort to other tools of interpretation." *Christopherson*, 899 N.E.2d at 260 (internal citations omitted). Significantly, consistent with Judge Gettleman's interpretation of the IGVA in *Fuesting* but contrary to the holding in *Gasic*, the Illinois Supreme Court actually held in *Christopherson* that "the plain and ordinary meaning of the term 'person' is 'an individual human being.'" *Christopherson*, 899 N.E.2d at 260. This Court, therefore, need not attempt to predict how the Illinois Supreme Court would interpret the term "person" in the IGVA — it already has done so, holding it to mean "an individual human being" and not a corporation.

### III. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Count II of Plaintiff's Complaint against WWE for violation of the IGVA should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative, 12(b)(6).

Dated: November 23, 2020                    Respectfully submitted,


                                            */s/ Desiree F. Moore*
                                            Desiree F. Moore (Illinois Bar No. 6286198)
                                            Marvis A. Barnes (Illinois Bar No. 6317500)
                                            K&L GATES LLP
                                            70 W. Madison Street.
                                            Suite 3100
                                            Chicago, IL 60602
                                            Phone: 312.781.6028
                                            desiree.moore@klgates.com
                                            marvis.barnes@klgates.com

15

Jerry S. McDevitt (*pro hac vice* forthcoming)
Curtis B. Krasik (*pro hac vice* forthcoming)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: 412.355.6500
jerry.mcdevitt@klgates.com
curtis.krasik@klgates.com

***Attorneys for Defendant World Wrestling Entertainment, Inc.***

16

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on November 23, 2020, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, which will send an electronic copy of the foregoing to all counsel who have appeared in this Court, in accordance with Local Rule 5.9 of the Northern District of Illinois, and the foregoing will be sent by e-mail and U.S. Mail, postage prepaid, to:

  John Chwarzynski, Jr.
  HALE & MONICO
  53 West Jackson
  Suite 337
  Chicago, Illinois 60604
  jwc@halemonico.com

            */s/ Desiree F. Moore*
            Desiree F. Moore