UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA TAVEL, <br>     Plaintiff, <br> <br> v. <br> <br> MATTHEW RIDDLE, EVOLVE WRESTLING, INC., GABE SAPOLSKY, AND WORLD WRESTLING ENTERTAINMENT, INC., <br>     Defendants. | No. 20-cv-06805 <br> <br> Judge Manish S. Shah |

---

Matthew Riddle's Memorandum of Law in Support of His Motion to Dismiss
Pursuant to Fed. R. Civ. P. 12(B)(2) & 12(B)(6)

---

The Prinz Law Firm
Kristen Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
Laura Lefkow-Hynes (llefkowhynes@prinz-lawfirm.com)
One East Wacker Dr.
Suite 2500
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822

## **Table of Authorities**

Cases

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014) .................................................................................................................................. 8

*Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 741, 751 (N.D. Ill. 2018) ..................................................... 7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .......................................................................... 1, 9, 10

*Burger King* v. *Rudzewicz*, 471 U.S 462 (1985) ............................................................................ 6

*Buron v. Lignar*, 2020 IL App (1st) 192152 ..................................................................... 5, 6, 7, 8

*Doe v. PSI Upsilon Int'l*, 2011 IL App (1st) 110306 ...................................................................... 9

*Doe v. Sobeck*, 941 F. Supp. 2d 1018 (S.D. Ill. 2013) ................................................................. 10

*Felland v. Clifton*, 682 F.3d 665 (7th Cir. 2012) ........................................................................... 5

*Flores v. Santiago*, 2013 IL App (1st) 122454 .............................................................................. 9

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ....................................................................... 5

*Maglaya v. Kumiga*, No. 14-cv-3619, 2015 U.S. Dist. LEXIS 101217 (N.D. Ill. Aug. 3, 2015).. 9, 11

*Mohammed v. Sidecar Technologies, Inc.*, No. 16 C 2538, 2016 U.S. Dist. LEXIS 156090, at *20 (N.D. Ill. Nov. 10, 2016)............................................................................................................ 11

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003) ...................... 5

*Rios v. Bayer Corp.*, 2020 IL 125020 ............................................................................................. 5

*Rollins v. Ellwood*, 141 Ill. 2d 244, 274 (1990) ............................................................................. 7

*Sheikholeslam v. Favreau*, 2019 IL App (1st) 181703 ................................................................... 6

*Smith v. Farmstand*, No. 11-cv-9147, 2014 U.S. Dist. LEXIS 169237 (N.D. Ill. Dec. 8, 2014) ... 9

*Smith v. Med. Benefit Adm'r Group, Inc.,* 639 F.3d 277, 281 (7th Cir. 2011) ............................. 10

*Tranzact Techs. v. 1source Worldsite*, No. 01 C 8508, 2002 U.S. Dist. LEXIS 1418 (N.D. Ill. Jan. 28, 2002) .................................................................................................................. 6

*Walden v. Fiore*, 134 S. Ct. 1119 (2014) ....................................................................................... 8

### STATUTES

**720 ILCS 5/12-3(A)** ................................................................................................................... 9

**735 ILCS 5/2-209** ............................................................................................................. 5, 6, 7

**740 ILCS 82/5(2)** ..................................................................................................................... 9

### RULES

**12(B)(2)** .................................................................................................................... 1, 2, 4, 14

**12(B)(6)** .................................................................................................................... 1, 2, 4, 14

TABLE OF CONTENTS

I. Nature of the Action.................................................................................................... 1

II. Facts. ........................................................................................................................... 2

III. Argument. ................................................................................................................... 4

    A. RULE 12(B)(2) – MS. TAVEL FAILS TO ESTABLISH A PRIMA FACIE BASIS FOR THE COURT TO EXERCISE PERSONAL JURISDICTION OVER MR. RIDDLE............................................. 4

        1. General Jurisdiction – It Cannot Be Disputed that Mr. Riddle Is Not At Home In Illinois. ..................................................................................................................... 5

        2. Specific Jurisdiction: Intermittent Illinois Interaction Is Insufficient to Establish Minimum Contacts................................................................................................... 6

    B. RULE 12(B)(6) – MS. TAVEL FAILS TO ALLEGE GENDER VIOLENCE CLAIMS THAT MEET FEDERAL PLEADING REQUIREMENTS. ................................................................. 8

        1. The April 2017 Assault Is Pleaded Without an Illinois Nexus (And Could Not Have Occurred in Illinois)................................................................................................. 10

        2. The May 19, 2018 Assault Is Pleaded Without an Illinois Nexus (And Could Not Have Occurred in Illinois)................................................................................................. 10

IV. Conclusion. ............................................................................................................... 12

I. **Nature of the Action.**

Defendant Matthew Riddle moves to dismiss the complaint of Plaintiff Samantha Tavel pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). The crux of her claim, brought under the Illinois Gender Violence Act ("IGVA"), is that Mr. Riddle sexually assaulted Ms. Tavel for almost three years with the knowing encouragement of World Wrestling Entertainment, Inc. ("WWE"), Evolve Wrestling, Inc. ("Evolve"), and Gabe Sapolsky, former president of Evolve. When she refused to continue being sexually assualted, Mr. Riddle purportedly retaliated by having WWE and Evolve terminate her contract as a social media promoter.

Mr. Riddle emphatically denies Ms. Tavel's torrid tale. He and Ms. Tavel had a nearly three-year affair during which they engaged only in consensual sexual activity. In July 2019, Mr. Riddle ended the affair after his wife learned of the relationship. In June 2020, Ms. Tavel tweeted an accusation that he sexually assaulted her in a van while other wrestlers were asleep.

Ms. Tavel's complaint, filed in the Circuit Court of Cook County, fails to establish that the court may exercise jurisdiction over Mr. Riddle, and its substantive allegations fail to meet the federal pleading requirements. Even if the pleading were not deficient, the court may not exercise personal jurisdiction over Mr. Riddle because Ms. Tavel cannot contend that Mr. Riddle's allegedly tortious activities were purposefully directed at residents of the forum (she is not an Illinois resident) and that this litigation results from her alleged injuries that arose out of those activities. The complaint fails to state an IGVA claim because Ms. Tavel pleads no nexus at all between her injuries and the State of Illinois. Because specific jurisdiction cannot attach to Mr. Riddle, and because Ms. Tavel's complaint falls short of the plausibility standard articulated by *Iqbal* and *Twombly*, Mr. Riddle asks the Court to dismiss the complaint under Rules 12(b)(2) and 12(b)(6).

1

**II.     Facts.**

Mr. Riddle is a professional wrestling entertainer who contracts with WWE and formerly contracted with Evolve. Compl. ¶ 14.[1] He is a resident of Florida, where he lives with his wife and their children.[2] Ex. 1(Aff. of Matthew Riddle). He maintains no residence and owns no property in the State of Illinois. *Id*. His only contact with Illinois was brief performances for work. *Id*. Ms. Tavel wrestles professionally under the name "Candy Cartwright" and served as a social media ambassador for Evolve. Compl. ¶ 20. On information and belief, Ms. Tavel is a resident of New York State and owns no property in the State of Illinois. *See* Ex. 2 (Candy Cartwright Twitter posts). Evolve, now defunct, hosted a series of wrestling events to which both Mr. Riddle and Ms. Tavel have been invited, separately, to perform at or to attend on a number of occasions. *Id.* ¶ 16.

After one such Evolve event in New York City in April 2017, Ms. Tavel and Mr. Riddle began an affair that lasted almost three years. *Id.* ¶¶ 21, 32, see Ex. 3 (Evolve Performance Schedule). Mr. Riddle did not disclose their activities to others because he was trying to keep the affair a secret from his wife.

On May 19, 2018, Mr. Riddle flew into O'Hare International Airport to perform that evening at the Evolve 104 show at the Summit Park District in Summit, Cook County, Illinois. See Ex. 1. Ms. Tavel attended as well. Compl. ¶ 27. After the show, Joseph M. Ranta, a videographer, drove some performers, including Mr. Riddle and Ms. Tavel, to their hotel in Michigan. *See* Ex. 4

---

[1]Mr. Riddle disagrees with Plaintiff's facts, but for the purpose of the Rule 12(b)(6) component of this motion and memorandum in support, he will cite to the Complaint.

[2]In analyzing a Rule 12(b)(2) motion, "courts may consider matters outside of the pleadings." *Johnson v. Barrier*, No. 15-CV-03928, 2016 WL 3520157, at *2 (N.D. Ill. June 28, 2016). Because of the paucity of facts alleged in the Complaint that would guide the Court as to the appropriateness of attaching jurisdiction, Mr. Riddle asks the Court to consider the exhibits attached to this motion.

2

(Aff. of Ranta). The Evolve 105 show was scheduled for the following day in Livonia, Michigan. Ex. 3. Mr. Ranta drove his personal vehicle, a 1994 GMC Savana 1500 conversion van that seated seven in three rows. Ex. 4 ¶ 9, *see also* Ex. 4(A) (photos of Mr. Ranta's van). Sitting up front with Mr. Ranta was wrestler James Dowell also known as "JD Drake." *Id*. ¶ 11. In the two middle seats were wrestlers Keith Lee (behind Mr. Dowell) and Anthony Henry (behind Mr. Ranta), and in the back were Mr. Riddle and Ms. Tavel. *Id*. ¶ 11.

Mr. Ranta used his GPS that night, which recorded that the party left the Summit Park District at 12:26 a.m. on May 20, 2018, and stopped for gas. *Id*. ¶¶ 12-14, see also Ex. 4(B) (Mr. Ranta's GPS). They left the gas station at 12:34 a.m., and then drove 33 miles in 48 minutes to a Denny's restaurant at 6171 Melton Road in Portage, Indiana, arriving at 1:22 a.m. *Id*. ¶¶ 14-16. They crossed into Indiana approximately 36 minutes into their journey around 1:10 a.m. *Id*. ¶ 15. Only Mr. Lee was asleep during the drive to Denny's. *Id*. ¶ 17.

The party left Denny's at 2:35 a.m. and drove for 2 hours and 37 minutes to Mr. Ranta's home in Mason, Michigan. *Id*. ¶ 18-19. By the time they arrived, the other wrestlers had fallen asleep and only Ms. Tavel, Mr. Riddle, and Mr. Ranta were awake. *Id*. ¶ 20. Ms. Tavel, Mr. Riddle and Mr. Ranta spent 12 minutes at Mr. Ranta's home, then drove to the Comfort Inn Metro Airport near Detroit where the performers were staying. *Id*. ¶ 21.

Mr. Riddle and Ms. Tavel's affair continued until about January 2020, when Mr. Riddle's wife learned of the affair and Mr. Riddle ended it. Compl. ¶ 32. Ms. Tavel had a hard time accepting the end of the relationship, and Mr. Riddle changed his telephone number more than once to avoid her calls. Mr. Riddle had no control over any employment relationship Ms. Tavel had with Evolve or WWE.

3

On June 19, 2020, shortly before Mr. Riddle's debut on WWE's popular television program, "Friday Night SmackDown," Ms. Tavel posted on Twitter an accusation that Mr. Riddle had sexually assaulted her. She wrote:

> Back in May of 2018 I was riding with Matt Riddle and a few other wrestlers. During the van ride, when the 3 other wrestlers had fallen asleep, Matt asked me to "hop on his dick". When I refused (although we had previously been together I was incredibly uncomfortable in that setting ) When I said no, he grabbed me by my throat, choked me and said "what if I just made you?" I ended up giving him oral sex (praying someone wouldn't wake up) to get out of having intercourse with him. It was incredibly humiliating.

*See* Ex. 2.

Mr. Riddle adamantly denied her accusation. Ms. Tavel filed her complaint in the Circuit Court of Cook County on October 8, 2020, alleging one count of the IGVA against each defendant and declaring damages of $10 million. On November 17, 2020, WWE removed the action to the Northern District of Illinois. ECF No. 1.

### III.  Argument.

Ms. Tavel fails to allege that the alleged assaults had any connection with Illinois or that her cause of action arose from injuries sustained from activities that Mr. Riddle directed at residents of Illinois. This court cannot exercise personal jurisdiction over Mr. Riddle. Therefore, the claim should be dismissed pursuant to Rule 12(b)(2). Concurrently and independently, the IGVA claim collapses because Ms. Tavel fails to plausibly plead that the alleged assaults had any connection with the State of Illinois. Conclusory statements and mere speculation cannot state a claim for relief. Therefore, the IGVA claim against Mr. Riddle should be dismissed pursuant to Rule 12(b)(6).

### A. Rule 12(B)(2) – Ms. Tavel Fails to Establish a Prima Facie Basis For the Court to Exercise Personal Jurisdiction Over Mr. Riddle.

4

Ms. Tavel has failed to meet her burden of establishing that the Court may exercise personal jurisdiction over Mr. Riddle. *See, e.g., Buron v. Lignar*, 2020 IL App (1st) 192152, ¶ 8 ("the plaintiff bears the burden of establishing a *prima facie* basis for exercising personal jurisdiction over a nonresident defendant."); *see also, Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Because Ms. Tavel brings her IGVA claims in the State of Illinois, Illinois law governs the analysis of personal jurisdiction. *See, e.g., Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). Illinois' long-arm statute allows it to exercise personal jurisdiction – either specific or general – over nonresident defendants to the fullest extent of the due process clauses of the state and federal constitutions. *Rios v. Bayer Corp.*, 2020 IL 125020 ¶ 19, *citing* 735 ILCS 2/2-209. Due process requires that Mr. Riddle must have certain minimum contacts with Illinois such that the exercise of jurisdiction over him would not offend traditional notions of fair play and substantial justice. *Buron*, 2020 IL App (1st) 192152 ¶ 10, *citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Although Ms. Tavel does not allege whether the Court may assert specific or general jurisdiction, either assertion would fail.

    **1.  General Jurisdiction – It Cannot Be Disputed that Mr. Riddle Is Not At Home In Illinois.**

General jurisdiction arises when a defendant was present in the state when served, was domiciled or a resident of the state when the cause of action arose, or was doing business within the state. *Buron,* 2020 IL App (1st) 192152 ¶ 11*, citing* 735 ILCS 5/2-209(b)(1). The defendant's affiliations with the forum state must be "so continuous and systematic as to render it essentially at home" for general jurisdiction to arise. *Id.* Here, it cannot be disputed that Mr. Riddle is domiciled in the State of Florida and maintains no residence in the State of Illinois, he was not served in the state, and his Illinois affiliations are sporadic and fleeting. Mr. Riddle's connections

to Illinois are not such that he could reasonably anticipate being hailed into court here; nor has he invoked the benefits and protections of Illinois law. *Sheikholeslam v. Favreau*, 2019 IL App (1st) 181703, ¶ 14 (declining to exercise general jurisdiction over a nonresident attorney whose Illinois law license allowed the cause of action to arise). Therefore, the court cannot assert general jurisdiction over Mr. Riddle.

### 2. Specific Jurisdiction: Intermittent Illinois Interaction Is Insufficient to Establish Minimum Contacts.

To establish specific jurisdiction, Ms. Tavel needed to allege that Mr. Riddle purposefully established minimum contacts with the State of Illinois such that exercise of personal jurisdiction would be fair and reasonable under the circumstances. *Tranzact Techs. v. 1source Worldsite*, No. 01 C 8508, 2002 U.S. Dist. LEXIS 1418, at *10 (N.D. Ill. Jan. 28, 2002). Those requirements are satsified when "the nonresident defendant has purposefully directed its activities at residents of the forum and if the litigation results from alleged injuries that arise out of or relate to those activities." *Buron*, 2020 IL App (1st) 192152, ¶ 1, *citing Burger King v. Rudzewicz*, 471 U.S 462 (1985). Although Ms. Tavel does not articulate why the court may assert specific jurisdiction over Mr. Riddle, based on the limited facts alleged, it must arise from either the commission of a tortious act within the state (section 2-209(a)(2)) or the performance of a contract substantially connected with the state (section 2-209(a)(7)). 735 ILCS 5/2-209(a). Either premise for asserting specific jurisdiction collapses upon inspection.

Specific jurisdiction cannot attach unless the Ms. Tavel's cause of action arose out of Mr. Riddle's contacts with Illinois. *Buron*, 2020 IL App (1st) 192152, ¶ 15. Although the Complaint does not allege any facts about Mr. Riddle *performing* under a contract, let alone doing so in Illinois, Mr. Riddle did perform at an Evolve wrestling show on the night of May 19, 2018 at the

6

Summit Park District in Summit, Cook County, Illinois. The one act of gender violence alleged that had any *situs* purportedly occurred "after the Evolve event . . . while on a bus leaving the event in Summit, Illinois." Compl. ¶ 27. By the time Mr. Riddle was on the bus leaving the event, he had completed his performance, thereby ending his activities purposefully directed at Illinois residents. Because Ms. Tavel's IGVA claim cannot be premised on the performance of a contract in Illinois, the basis of jurisdiction cannot be section 2-209(a)(7) of Illinois' long-arm statute. Therefore, it must arise from the commission of a tortious act within the state as described under section 2-209(a)(2). 735 ILCS 5/2-209(a)(2).

For specific jurisdiction based on section 2-209(a)(2) to satisfy the due process requirements, the injuries must arise from activities "purposefully directed . . . at residents of the forum." *Buron*, 2020 IL App (1st) 192152, ¶ 11; *see also, Rollins v. Ellwood*, 141 Ill. 2d 244, 274 (1990) (noting that "Illinois jurisdictional standards are not necessarily satisfied merely because a court finds that a non-resident defendant committed an act enumerated within the provisions of the long-arm statute."). Here, Ms. Tavel neither alleges that she is a resident of Illinois nor that her injuries resulted from activities directed toward residents of Illinois. In *Al Haj*, the Northern District dismissed the complaint of a nonresident who could not allege a nexus between his injuries and any nonresident defendant's activities directed at Illinois residents. *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 741, 751 (N.D. Ill. 2018). Similarly, without an allegation that connects Ms. Tavel's injuries to an activity Mr. Riddle allegedly directed to any Illinoisan, her claim fails the due process analysis. Therefore, specific jurisdiction cannot attach to Mr. Riddle.

Even if Ms. Tavel alleged her injuries occurred in Illinois, the exercise of jurisdiction would still fail the due process analysis. The Seventh Circuit has held that it is not enough for a plaintiff to allege the harm occurred within the forum state for that state to exert specific

7

jurisdiction over the tortfeasor. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014). The minimum contacts analysis must be applied to intentional tort cases, and the harm occurring in the forum state did not necessarily create sufficient minimum contacts. *Id.* at 801, *citing Walden v. Fiore*, 134 S. Ct. 1119, 1121 (2014). While noting tension between Seventh Circuit decisions, the Court determined that "after *Walden* there can be no doubt that 'the plaintiff cannot be the only link between the defendant and the forum.'" *Id.*, *citing Walden*, 134 S. Ct. at 1121. The Court held the Indiana long-arm statute alone could not subject a California company to a trademark infringement action in the Northern District of Indiana where the company's activities were not purposefully directed at Indiana residents. *Id.* at 801.

Applying *Real Action Paintball*, even if Illinois were the site of Ms. Tavel's alleged injury, that could not create sufficient minimum contacts for Illinois to assert jurisdiction over Mr. Riddle. The Illinois long-arm statute is insufficient where the complaint does not allege that Mr. Riddle purposefully directed his purportedly tortious activities at the forum state. *Id*. at 801 ("Specific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state.") (emphasis in original). Similarly, in *Buron*, the court analyzed the same long-arm statute in deciding whether to exercise jurisdiction in Cook County, Illinois, over nonresident defendants for a car collision that occurred across the county line in Munster, Indiana. *Buron*, 2020 IL App (1st) 192152, ¶ 15. Although the out-of-state defendant had extensive contacts with Illinois, the litigation-specific tortious conduct had not been directed at the forum state, so the court could not exercise specific jurisdiction. *Id*. ¶ 16. Therefore, the Court cannot exercise specific jurisdiction over Mr. Riddle and should dismiss the claim against him.

      **B. Rule 12(b)(6) – Ms. Tavel Fails to Allege Gender Violence Claims That Meet Federal Pleading Requirements.**

8

The Court must also dismiss Ms. Tavel's IGVA claim against Mr. Riddle because it fails to meet the facial plausibility standards articulated by *Iqbal* and *Twombly*. Under the federal rules, a claimant must plead "enough facts to state a claim to relief that is plausible on its face." *Maglaya v. Kumiga*, No. 14-cv-3619, 2015 U.S. Dist. LEXIS 101217, at *7 (N.D. Ill. Aug. 3, 2015), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Ms. Tavel needed to assert facts that would allow the court to infer that Mr. Riddle committed the alleged violations of the IGVA.

The IGVA imposes liability on perpetrators of "a physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois . . . ." 740 ILCS 82/5(2). Battery requires one individual to cause bodily harm to another or to make physical contact of an insulting or provoking nature with another. 720 ILCS 5/12-3(a). Implicit in the IGVA is the principle that the injury occurred in Illinois or that one of the parties is subject to Illinois jurisdiction. *See, e.g., Flores v. Santiago*, 2013 IL App (1st) 122454 (defendant maintained business in Oak Park, Ill., where injuries occurred); *see also Smith v. Farmstand*, No. 11-cv-9147, 2014 U.S. Dist. LEXIS 169237, at *9 (N.D. Ill. Dec. 8, 2014) (defendant maintained business in Chicago, Ill., where injuries occurred); *see also, Doe v. PSI Upsilon Int'l*, 2011 IL App (1st) 110306, ¶ 1 (parties were students at University of Chicago, where injuries occurred). It cannot be disputed that neither Ms. Tavel nor Mr. Riddle are Illinois residents, and Mr. Riddle is not subject to Illinois general jurisdiction. Ms. Tavel pleads two specific alleged assaults – one in April 2017 and one on May 19, 2018 – but no facts that tie these alleged injuries to Illinois. Her IGVA claim against Mr. Riddle collapses without a nexus with the State of Illinois.

9

### 1. The April 2017 Assault Is Pleaded Without an Illinois Nexus (And Could Not Have Occurred in Illinois).

A complaint must establish a nonnegligible probability that the claim is valid. *Smith v. Med. Benefit Adm'r Group, Inc.,* 639 F.3d 277, 281 (7th Cir. 2011). Ms. Tavel provides no details about the alleged assault of April 2017 that would support a claim under the IGVA. She describes the location of the April 2017 assault only as occurring "in a vehicle in the parking lot after a wrestling event promoted by Evolve." Pl.'s Compl. ¶ 21.

Despite the lack of connection to Illinois, Ms. Tavel uses the April 2017 incident to support her IGVA claim against Mr. Riddle. *Id.* ¶ 39. There are no facts pleaded that illustrate an Illinois connection such that one could plausibly infer that the alleged battery had a nexus with the State of Illinois.[3] Without an Illinois nexus, the April 2017 event cannot sustain a claim under the IGVA.

### 2. The May 19, 2018 Assault Is Pleaded Without an Illinois Nexus (And Could Not Have Occurred in Illinois).

A plaintiff satisfies her Rule 8 pleading requirements by describing the claim in sufficient detail to give fair notice of the claim and its grounds and plausibly suggests her right to relief above a speculative level. *Doe v. Sobeck*, 941 F. Supp. 2d 1018, 1020 (S.D. Ill. 2013), *citing Bell Atl.*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 662. Ms. Tavel neither alleges enough detail to give fair notice of the grounds of her claim nor does she raise her right to relief above a speculative level. Her complaint only loosely ties Illinois to any allegation of injury.

---

[3]Mr. Riddle believe this allegation refers to a consensual sexual encounter the couple had in a car on or about April 23, 2017 in New York City after an Evolve event. Mr. Riddle was not in Illinois in April 2017 and did not purposefully direct his activities at any Illinois residents in April 2017.

The only temporal proximity to Illinois is that one alleged assault occurred "in front of other members of Evolve while on a bus leaving the event in Summit, Illinois." Pl.'s Compl. ¶ 27. The sentence structure places only the Evolve event in Summit, Illinois, <u>not</u> the alleged assault. Summit is 30 miles from the Indiana border and 70 miles from the Wisconsin border. Given the proximity of Summit to neighboring states and the opacity of the complaint, one could not ascertain the alleged gender violence happened while the vehicle was traveling in the State of Illinois.[4] Even if the alleged assault did occur, which it did not, Ms. Tavel asserts boilerplate allegations with no facts tying the ostensible assault to Illinois. These factually unsupported, boilerplate allegations cannot survive a motion to dismiss. *Maglaya*, No. 14-cv-3619, 2015 U.S. Dist. LEXIS 101217, at *14 (dismissing boilerplate failure-to-train allegations against police officers because claim was not plausible).

Even drawing the facts in a light most favorable to Ms. Tavel, the May 19, 2018 assault is inherently implausible and her right to relief is speculative at best. *Mohammed v. Sidecar Technologies, Inc.*, No. 16 C 2538, 2016 U.S. Dist. LEXIS 156090, at *20 (N.D. Ill. Nov. 10, 2016) (dismissing claim where court could not draw reasonable inference that defendant violated the statute based on conclusory and speculative allegations). It is implausible that Mr. Riddle would ask to engage in sexual intercourse "in front of other members of Evolve while on a bus," immediately after performing at a wrestling event, without any witnesses in a small but full vehicle. Compl. ¶ 27. If that did happen, no matter the size of the vehicle, surely, someone would have

---

[4]Based on Mr. Ranta's GPS and Ms. Tavel's June 19, 2020 Twitter post, the earliest time the assault could have occurred was during the 2.5-hour drive between the Denny's in Portage, Indiana, and Mr. Ranta's residence in Mason, Michigan. Therefore, it is impossible to state a claim under the IGVA for violence that did not arise in Illinois between nonresidents of Illinois.

11

noticed the assault and said something. Count I does not plausibly state a claim, and it should be dismissed.

**IV.    Conclusion.**

Ms. Tavel's claim against Mr. Riddle should be dismissed because she has not demonstrated the necessary minimum contacts between Mr. Riddle and the forum state such that an exercise of jurisdiction would comply with traditional notions of fair play and substantial justice.[5] Independently, Ms. Tavel's claim against Mr. Riddle should be dismissed because the facts do not raise her right to relief above a speculative level.

WHEREFORE, Defendant Riddle respectfully moves the Court to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(2) and 12(b)(6).

Dated: December 3, 2020                                   Respectfully submitted,

                                                          MATTHEW RIDDLE

                                                    By:   /s/      Kristen Prinz

                                                          One of His Attorneys

The Prinz Law Firm
Kristen Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
Laura Lefkow-Hynes (llefkowhynes@prinz-lawfirm.com)
One East Wacker Dr.
Suite 2500
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822

---

[5] The court can no more determine Mr. Riddle's fate than a University of Michigan Law School dean can adjudicate a dispute between a Northwestern University School of Law student and a University of Chicago Law student without the consent of all parties.

## **Certificate of Service**

I hereby certify that on December 3, 2020 I caused the foregoing to be filed with the Clerk of Court using the CM/ECF system, which served a copy on all counsel of record pursuant to Local Rule 5.9 of the Northern District of Illinois.

| | | |
|---|---|---|
| John Chwarzynski, Jr.<br>HALE & MONICO<br>53 West Jackson<br>Suite 337<br>Chicago, Illinois 60604<br>jwc@halemonico.com | Desiree F. Moore (6286198)<br>Marvis A. Barnes (6317500)<br>K&L GATES LLP<br>70 W. Madison Street<br>Suite 3100<br>Chicago, IL 60602<br>Tel. (312) 372-1121<br>Fax (312) 827-8000<br>desiree.moore@klgates.com<br>marvis.barnes@klgates.com | Jerry S. McDevitt<br>Curtis B. Krasik<br>K&L GATES LLP<br>K&L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, PA 15222<br>Tel. (412) 355-6500<br>Fax (412) 355-6501<br>jerry.mcdevitt@klgates.com<br>curtis.krasik@klgates.com |
| *Attorney for Ms. Tavel* | *Attorneys for WWE* | *Attorneys for WWE* |

Respectfully submitted,

/s/      Kristen Prinz

Dated: December 3, 2020

One of His Attorneys

The Prinz Law Firm
Kristen Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
Laura Lefkow-Hynes (llefkowhynes@prinz-lawfirm.com)
One East Wacker Dr.
Suite 2500
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822