**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMANTHA TAVEL A/K/A CANDY CARTWRIGHT, | : : : | |
| Plaintiff, | : : | Case No. 1:20-cv-06805 |
| v. | : : : | |
| MATT RIDDLE, WORLD WRESTLING ENTERTAINMENT, INC., EVOLVE WRESTLING, INC., AND GABE SAPOLSKY, | : : : : : | Honorable Manish S. Shah |
| Defendants. | : | |

**PLAINTIFFS' RESPONSE TO DEFENDANT MATT RIDDLE'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) & 12(b)(6)**

NOW COMES the Plaintiff, Samantha Tavel a/k/a Candy Cartwright, by and through her attorneys Hale & Monico, and for her response to Defendant Matt Riddle's Motion to Dismiss Count I Pursuant to Fed. R. Civ. P. 12(b)(2) & 12(b)(6).

## I.    INTRODUCTION

The complaint at law asserts a single count against Matt Riddle for violation of the Illinois Gender Violence Act ("IGVA") 740 ILCS 82/1.  IGVA protects individuals against violence related that is related to gender and specifically prohibits personally encouraging or assisting acts of gender-violence.  The complaint alleges that Matt Riddle was in violation of the gender violence act, when he sexually assaulted the plaintiff on May 19, 2018, after a professional wrestling event at the Summit Park District in Summit, Illinois.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Matt Riddle was a professional wrestler working for Evolve and the WWE. Evolve and WWE began a working relationship before any event that created this lawsuit had transpired. "Evolve began a working relationship with WWE in 2015, which allowed the latter to scout the indie promotion for new talent to sign. Moreover, Evolve's wrestlers were featured on WWE's website, while numerous WWE wrestlers and authority figures have made appearances for Evolve over the years." Noah Dominguez, *WWE Acquires Evolve Wrestling*, (July 2020) CBR, https://www.cbr.com/wwe-purchases-evolve-wrestling. This relationship is ultimately what saved Evolve as a company. "While Evolve has gained a reputation as one of the star promotions of the indie wrestling scene, the company has endured financial woes and, as *PWInsider* notes, most likely would have folded in 2016 had it not been for its relationship with WWE. Evolve was hit especially hard by the ongoing Coronavirus (COVID-19) pandemic this year." *Id.*

By the time of April 2017 and May 2018, the culture that hyper-sexualizes and burdens females had already been in place. This is evidenced by the #SpeakingOut movement that occurred in the beginning of 2020. At least 40 wrestlers were accused of taken advantage and sexually harassing or assaulting other female wrestlers or female fans. H Jenkins, *List of Names Called Out in #SpeakingOut Movement*, (June 2020) RingSideNews, https://www.ringsidenews.com/2020/06/21/list-of-names-called-out-in-speakingout-movement/. Many of those 40 names are contracted WWE wrestlers, including Matt Riddle. *Id.* While these relationships were in place, Matt Riddle sexually assaulted Samantha Tavel, a/k/a Candy Cartwright in April of 2017 and specifically in Summit, Illinois in May of 2018.

The Complaint was originally filed in the Circuit Court of Cook County, Illinois.

WWE timely removed the lawsuit to this Court on November 17, 2020.

### ARGUMENT

### A. This Court Sufficiently Has Personal Jurisdiction over Matt Riddle

#### 1. Legal Standard

On a motion to dismiss, the plaintiff bears the burden of proving that personal jurisdiction exists. *Cent. States,* 230 F.3d at 939. After personal jurisdiction over a defendant has been challenged, it is the plaintiff's burden to come forward with sufficient evidence to support the Court's personal jurisdiction. *Second Amendment Found. V. United States Conference of Mayors*, 274 F. 3d 521, 524 (D.C. Cir. 2001). Prior to any jurisdictional discovery, a plaintiff need only make out a prima facie case that personal jurisdictional exists. *Crane v. New York Zoological Soc'y,* 894 F.2d 454, 458 (D.C. Cir. 1990). When a court decides a motion on the basis of paper submissions, a court accepts as true the plaintiff's undisputed allegations and resolves any disputes in the evidence in favor of jurisdiction. See *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In deciding the motion, a court may receive and consider affidavits from both parties. *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.,* 262 F. Supp. 2d 898, 905 (N.D. Ill. 2003).

Diversity cases in Illinois Federal Court, the standard for personal jurisdiction is the same as it would be in Illinois State Court. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990). The modern approach, which is now widely used in Illinois State Courts is to analyze personal jurisdiction only under the due process standards of the U.S. and Illinois Constitutions, and not under the Long-Arm Statute. *Russell v. SNFA*, 2013 WL 1683599, ¶ 30 (Ill. Apr. 18, 2013); *Keller*, 359 Ill. App. 3d at 612.

The due process standard of the U.S. Constitution requires that, for a nonresident defendant to be subject to personal jurisdiction in Illinois, the defendant must have certain "minimum contacts" with Illinois "such that maintenance of the suit there does not offend 'traditional notions of fair play and substantial justice.'" *Wiles v. Morita Iron Works Co.*, 125 Ill. 2d 144, 150 (1988) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

First, a court must consider whether the nonresident defendant had sufficient "minimum contacts" with Illinois such that there was "fair warning" that the nonresident might be haled into court here. *Spartan Motors, Inc. v. Lube Power, Inc.*, 337 Ill. App. 3d 556, 561 (2d Dist. 2003) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The Illinois Constitution's due process requirement mandates that it be "fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 141 Ill. 2d 244, 275 (1990).

While the Illinois long-arm statute is no longer a central part of the personal jurisdiction analysis, it specifically contemplates that acts of an agent can subject a party to jurisdiction in Illinois. See 735 ILCS § 5/2-209(a) ("Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated …") (emphasis added). While there is "at least some support for the notion that the instate acts of independent contractors can be imputed to a nonresident defendant for purposes of exercising personal jurisdiction ... the clear weight of authority only supports imputing the in-state acts of an agent to a nonresident defendant." *Madison Miracle Prods., LLC v. MGM Distribution Co.*, 978 N.E.2d 654, 676-77 (Ill. App. 1st Dist.

2012) (emphasis in original) (collecting cases); but see *Richard Knorr Int'l, Ltd. v. Geostar, Inc.*, 2010 WL 1325641, at *10 (N.D. Ill. Mar. 30, 2010) ("By dispatching independent contractors to do its bidding in a forum state, a corporation can acquire sufficient contacts for the forum's exercise of personal jurisdiction to comport with due process.").

**2. Plaintiff Is Not Asserting General Jurisdiction over WWE**

Plaintiff is not asserting general jurisdiction over Matt Riddle as she is aware that Matt Riddle is a resident of Florida.

**3. Plaintiff Has Demonstrated a Prima Facie Case for this Court's Specific Jurisdiction over Matt Riddle**

Plaintiff is asserting specific jurisdiction over Matt Riddle. "Specific jurisdiction requires a showing that the defendant purposefully directed its activities at the forum state and the cause of action arose out of or relates to the defendant's contacts with the forum state." *Russell*, 2013 WL 1683599, ¶ 40 (citing *Burger King*, 471 U.S. at 472). "Under specific jurisdiction, a nonresident defendant may be subjected to a forum state's jurisdiction based on certain 'single or occasional acts' in the state but only with respect to matters related to those acts." Id. (quoting; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

It is evident that Matt Riddle and his actions meet the requirements for the Court to maintain specific jurisdiction. Matt Riddle flew into Chicago on May 19, 2018 to perform in a professional wrestling show in Summit, Illinois. After the event, while on a conversion van, Matt Riddle sexually assaulted the Plaintiff. It is clear that the sexual assault perpetrated by Matt Riddle arises from the commission of a tortious act within the state of Illinois, which is adequately plead in Plaintiff's Complaint at Law. Furthermore, Matt

Riddle was in the state of Illinois at the time of the occurrence because he was acting under the performance of a contract that was substantially connected with the state of Illinois. Specific jurisdiction attaches since the cause of action arises out of Matt Riddle's contacts within Illinois.

The combination between the acts of Matt Riddle alone, as well as being imputed to Evolve and WWE, with the fact that WWE has conducted business of like kind to the one in Summit, Illinois and all over the United States, meets the specific jurisdiction minimum contacts requirement as Matt Riddle could see being haled into court in Illinois. When evaluating this directly against what the Illinois Constitution sets forward, one could reasonably find that haling Matt Riddle into court in Illinois for this cause of action is "fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." A sexual assault that occurs within the state of Illinois is certainly an incident that affects the interests of the state of Illinois.

## B. The Complaint Sufficiently States a Prima Facie Case for Which Relief May Be Granted

### 1. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "'fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs.*, Inc., 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

"[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); cf. *Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

In evaluating a motion to dismiss, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555056, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990) The critical inquiry is whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Wakulich v. Mraz*, 203 Ill.2d at 228, 271 Ill.Dec. 649, 785 N.E.2d 843

2. **The Complaint States A Viable Claim Against WWE for Acts of Gender Violence Under the IGVA**

To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although sparse, the facts pleaded in the complaint present a viable claim under IGVA. The Act empowers victims of "gender-related violence" to file civil actions against "a person or persons perpetrating that gender-related violence." 740 ILCS 82/10 (West 2016). The Act defines "perpetrating" as "either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence." *Id.*

As stated above and in the complaint, the actions of Matt Riddle are text book acts for which the Illinois Gender Violence Act was created to protect against.

### 3. The May 19, 2018 Is Plead With an Illinois Nexus

Plaintiff's complaint at Law satisfies her Rule 8 pleading requirements by describing the sexual assault that occurred on the van. (See Dkt.1). Furthermore, Defendant's mere speculative belief that this assault could have happened in Indiana or Wisconsin is misplaced and supported with no factual basis. The federal rules require a claimant to plead, "enough facts to sate a claim to relief that is plausible on its face." *Maglaya v. Kumiga,* No. 14-cv-3619, 2015 U.S. Dist. LEXIS 101217. Here, the plaintiff has adequately plead that she was sexually assaulted while in the state of Illinois. For the Defendant to suggest that there is no adequately plead Illinois nexus is disingenuous.

### III. CONCLUSION

WHEREFORE, Plaintiff asserts that for all of the foregoing reasons Defendant Matt Riddle's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) or 12(b)(6) should be denied.

Respectfully submitted,

John W. Chwarzynski Jr.
Hale & Monico, LLC
53 W. Jackson Blvd. Ste 337
Chicago, Illinois 60604
312-870-6923
jwc@halemonico.com

## CERTIFICATE OF SERVICE

I, John W. Chwarzynski Jr., an attorney, hereby certify that on January 8, 2021, I electronically filed the above motion with the Court's CM/ECF system, which simultaneously sent an electronic copy of the same to all counsel of record.

/s/ *John W. Chwarzynski Jr.*