# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMANTHA TAVEL A/K/A CANDY CARTWRIGHT, | : : : | |
| Plaintiff, | : : | Case No. 1:20-cv-06805 |
| v. | : : : | |
| MATT RIDDLE, WORLD WRESTLING ENTERTAINMENT, INC., EVOLVE WRESTLING, INC., AND GABE SAPOLSKY, | : : : : : | |
| Defendants. | : : | |

## WORLD WRESTLING ENTERTAINMENT, INC.'S
## REPLY IN SUPPORT OF ITS OPPOSED MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(2) & 12(b)(6)

Desiree F. Moore (6286198)
Marvis A. Barnes (6317500)
K&L GATES LLP
70 W. Madison Street.
Suite 3100
Chicago, IL 60602
Phone: (312) 372-1121
Facsimile: (312) 827-8000
Email: desiree.moore@klgates.com
Email: marvis.barnes@klgates.com

Jerry S. McDevitt
Curtis B. Krasik
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

**INTRODUCTION**

Plaintiff's Response ("Response") to World Wrestling Entertainment, Inc.'s ("WWE") Opposed Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) & 12(b)(6) ("Motion to Dismiss") only *highlights*, and in many instances *admits*, the deficiencies of her Complaint at Law ("Complaint") identified by WWE in its Memorandum of Law in Support of its Opposed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) & 12(b)(6) (the "Opening Brief"). At bottom, Plaintiff's Response does not and cannot dispute the complete lack of any allegation, much less fact, plead in the Complaint that WWE had any involvement whatsoever in any alleged sexual assault of Plaintiff. In the absence of any such allegations, there can be no personal jurisdiction over WWE in this matter and no plausible claim under the Illinois Gender Violence Act, 740 ILCS 82/1 et seq. ("IGVA").

As for this Court's lack of personal jurisdiction over WWE, Plaintiff's Response is deficient on its face because Plaintiff fails to submit any affidavit of her own to refute the sworn declaration of Mark Carrano submitted in support of WWE's Motion to Dismiss. In addition to this complete failure of proof to satisfy Plaintiff's burden of establishing this Court's personal jurisdiction on her IGVA claim, the key statements of Mr. Carrano's Declaration—(a) "Mr. Riddle first entered into a contract with WWE as of August 8, 2018 . . . Prior to August 8, 2018, WWE had no relationship with Mr. Riddle whatsoever"; and (b) "WWE had no involvement at all with the wrestling show promoted by Evolve Wrestling, Inc. in Summit, Illinois on or about May 19, 2018"—stand unrefuted and preclude this Court's exercise of personal jurisdiction over WWE in this matter.

As for Plaintiff's failure to state a plausible claim against WWE under the IGVA, Plaintiff similarly does not and cannot dispute that the Complaint is devoid of allegations that WWE

1

engaged in a conscious or active role, as required under the IGVA, with respect to the two sexual assaults purportedly committed by Riddle—in April 2017 and on or about May 19, 2018—or even that WWE had knowledge of any alleged sexual assault of the Plaintiff. This is not surprising since it is undisputed that WWE had no relationship whatsoever with Riddle at the time of either alleged sexual assault and did not enter into a contract with Riddle for the first time until months after the events at issue. Plaintiff also does not meaningfully respond to WWE's argument that the IGVA does not even apply to corporations in the first instance. Indeed, Plaintiff concedes that "WWE is a corporation, and generally, corporations have not been allowed to be liable under the IGVA." Response at p. 9.

Accordingly, Plaintiff's IGVA claim against WWE should be dismissed with prejudice.

## ARGUMENT

### I. THE COURT LACKS PERSONAL JURISDICTION OVER WWE PURSUANT TO FED. R. CIV. P. 12(b)(2)

Plaintiff's Response demonstrates a complete failure of proof to satisfy Plaintiff's burden of establishing this Court's personal jurisdiction on her IGVA claim. Plaintiff concedes that "[a]fter personal jurisdiction over a defendant has been challenged, it is the plaintiff's burden to come forward with sufficient evidence to support the Court's personal jurisdiction." Response at p. 3. Plaintiff also does not and cannot dispute the standard cited in WWE's Opening Brief that "courts accept as true all unrefuted facts in the defendants' declarations or affidavits. . . . Accordingly, when defendants challenge a fact alleged in the plaintiff's complaint with a sworn statement, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Sifuna v. Accreditation Council of Pharmacy Educ.*, No. 17-cv-0028, 2017 WL 5891224, at *1 (N.D. Ill. Nov. 28, 2017) (Shah, J.) *see also*

*GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F3d 1018, 1020 n.1 (7th Cir. 2009) ("[W]e accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff.").

Fatally, however, Plaintiff has not submitted any affidavit of her own to refute the sworn declaration of Mark Carrano submitted in support of WWE's Motion to Dismiss. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 445 (7th Cir. 2009) (affirming motion to dismiss plaintiff's complaint where plaintiff failed to submit evidence refuting the factual allegations contained in defendant's exhibit); *Sifuna,* 2017 WL 5891224 at *1 (dismissing *pro se* complaint where plaintiff failed to refute the facts of defendants' declaration). Nor has Plaintiff come forward with any affirmative evidence to support this Court's personal jurisdiction over WWE in this matter.[1] Thus, as noted, Mr. Carrano's statements that (a) "Mr. Riddle first entered into a contract with WWE as of August 8, 2018 . . . Prior to August 8, 2018, WWE had no relationship with Mr. Riddle whatsoever"; and (b) "WWE had no involvement at all with the wrestling show promoted by Evolve Wrestling, Inc. in Summit, Illinois on or about May 19, 2018," stand unrefuted and preclude this Court's exercise of personal jurisdiction over WWE in this matter.

While Plaintiff's failure to submit any affirmative evidence supporting this Court's exercise of jurisdiction is fatal on its face, the two arguments that Plaintiff asserts regarding personal jurisdiction are likewise fundamentally flawed.

*First*, Plaintiff asserts that this Court can exercise general jurisdiction over WWE merely because it is qualified to do business Illinois and maintains a registered agent in Illinois. *See* Response at p. 5. This, however, is not the law. *See Aspen Am. Ins. Co. v. Interstate Warehousing,*

---

[1] Exhibit A to Plaintiff's Response is an unsworn, and even unsigned, letter that is not evidence of anything. In any event, to the extent it bears on any issues relating to this Court's personal jurisdiction over WWE, it claims that "[w]e have learned that as of June 2020 Evolve Wrestling, Inc. is owned and operated by World Wrestling Entertainment, Inc." While this claim is not accurate, Plaintiff's Exhibit A at least admits that such an alleged relationship between WWE and Evolve did not exist until June 2020—years after the events at issue.

*Inc.*, 90 N.E.3d 440, 446-47 (Ill. 2017) (holding that a foreign corporation registering to do business or appointing a registered agent in Illinois did not subject the corporation to general jurisdiction in Illinois); *Congdon v. Cheapcaribbean.com, Inc.*, No. 17 C 5502, 2017 WL 5069960, at *8 (N.D. Ill. Nov. 3, 2017) (quoting *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1245 (7th Cir. 1990)) ("[I]t has long been held that registering to do business in a state, 'standing alone,' cannot satisfy due process required to assert personal jurisdiction."); *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 748-49 (N.D. Ill. 2016) (finding that bank registering to do business and appointing a registered agent in Illinois did not subject the bank to general jurisdiction in Illinois and noting "[a]fter *Daimler* [*AG v. Bauman*], numerous district courts in this Circuit have concluded that registering to do business in a state and/or designating a registered agent for service of process is not enough to make a corporation 'at home' in that state."); *Dimitrov v. Nissan North America, Inc.*, No. 15 C 06332, at *4 (N.D. Ill. Dec. 22, 2015) (noting "[t]he [Illinois] long-arm statute does not authorize general jurisdiction over all corporations eligible to transact business in the state" in holding that a corporation that was neither incorporated, nor maintained its principal place of business, in Illinois was subject to general jurisdiction in Illinois).

On the contrary, as explained in WWE's Opening Brief, general jurisdiction "is proper only in the limited number of fora in which the defendant can be said to be 'at home.' For a corporation, such places include the state of incorporation and the state of the principal place of business." *Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014); *see also Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction."); *Ritchie Capital Mgmt., LLC v. Costco Wholesale Corp.*, No. 17 C 4949, 2018 WL 1565593, at *3 (N.D. Ill. Mar. 30, 2018) ("So far, the Supreme Court has deemed a

4

corporation at home only in the state (or states) of its incorporation and principal place of business."). Indeed, as the U.S. Supreme Court recognized, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 57 U.S. at 139 n.20. Because WWE is a Delaware corporation with its principal place of business in Connecticut, it is not subject to general jurisdiction in Illinois.

*Second*, regarding specific jurisdiction, Plaintiff concedes that "[t]he act [occurring in Illinois] may have not come at the direct action of WWE" but nevertheless asserts that "there has been some support that independent contractor actions can be imputed to their agents." *Id.* at p. 6. Though no authority is cited for such a proposition, it definitively cannot serve as the basis for personal jurisdiction over WWE here. As described in WWE's Opening Brief and reiterated above, it is undisputed that WWE had no relationship whatsoever with Riddle at the time of the May 19, 2018 Evolve Wrestling show, which is the sole contact to Illinois in this case. Under no circumstances, therefore, could Riddle have been acting as WWE's agent with respect to any of his alleged actions in connection with that show. Moreover, even after Riddle first entered into a contract with WWE on August 8, 2018, his contract expressly provided that "[n]othing in this Agreement shall be construed to constitute [Riddle] as an employee, partner or joint venture of [WWE], nor shall Riddle have any authority to bind [WWE] in any respect." Carrano Decl. at ¶ 8 & at Ex. 1 ¶ 13.1.

Additionally, as described in WWE's Opening Brief, while Plaintiff's bald assertion that Riddle was an agent of WWE at the time of the alleged sexual assault of Plaintiff following the May 19, 2018 Evolve Wrestling show is factually false, even if accurate (which it is not), the Seventh Circuit has ruled that "under Illinois law, sexual assault categorically is never within the scope" of employment. *Martin v. Milwaukee Cty.,* 904 F.3d 544, 556 (7th Cir. 2018); *see generally*

5

Opening Brief at pp. 11-12. Accordingly, Riddle's alleged sexual assault of Plaintiff following the May 19, 2018 Evolve Wrestling show cannot be imputed to WWE to establish personal jurisdiction or for any other purpose.

## II. PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

While Plaintiff's IGVA claim against WWE should be dismissed as a threshold matter because this Court lacks personal jurisdiction over WWE, it also substantively fails to state a plausible IGVA claim against WWE and, therefore, should alternatively be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) based on the arguments of WWE's Opening Brief that were either admitted or not disputed in Plaintiff's Response.

At the outset, Plaintiff admits that the facts pleaded in the Complaint are "sparse." Response at p. 8. This admission, however, does not do justice to the fact that there simply are no well-pleaded factual allegations in the Complaint against WWE. As noted in WWE's Opening Brief, there is no allegation, much less fact, plead in the Complaint that WWE had any involvement whatsoever in any alleged sexual assault of Plaintiff. *See* Opening Brief at pp. 3, 9-10. Instead, Plaintiff is alleging that she was sexually assaulted by a wrestler not affiliated with WWE after events promoted by a wrestling company other than WWE.

Having admitted the lack of factual allegations plead against WWE, Plaintiff's Response does not even attempt to dispute that the Complaint is devoid of allegations that WWE engaged in a conscious or active role, as required under the IGVA, with respect to the two sexual assaults purportedly committed by Riddle in April 2017 and on or about May 19, 2018.[2] Nor does

---

[2] Although Plaintiff's Complaint vaguely alleges that Riddle supposedly sexually assaulted Plaintiff between April 2017 and January 2020, Plaintiff's Response only references the alleged incidents in April

6

Plaintiff's Response dispute any of the authorities cited in WWE's opening brief that the IGVA's requirement of personal encouragement or assistance "implies a conscious, active role, not merely a failure to act or tolerance of a situation." Opening Brief at pp. 9-10. Indeed, Plaintiff "agrees with Defendant that merely 'allowing' something to continue does not successfully make a [IGVA] claim." Response at p. 9.

Lacking any factual basis to allege that WWE engaged in a conscious or active role with respect to Riddle's alleged sexual assaults of Plaintiff in April 2017 and in or around May 19, 2018, Plaintiff's sole response is repeating the false polemical attack on WWE that it somehow "assist[ed] in creating an hyper-sexualized workplace environment." *Id*. The repetition of such scandalous and impertinent allegations is legal makeweight. Of course, the alleged "workplace environment" to which Plaintiff refers is not identified because WWE indisputably had no involvement with the "workplace" presumably at issue, namely, the two Evolve Wrestling shows in April 2017 and on or about May 19, 2018 following which Plaintiff claims she was sexually assaulted by Riddle. Furthermore, as explained in WWE's Opening Brief, the absence of any allegation connecting WWE to the alleged sexual assaults *of the Plaintiff* is fatal to her IGVA claim against WWE. *See* Opening Brief at p. 11.

Finally, as for whether corporations can even be liable under the IGVA in the first instance, Plaintiff again makes the significant admission that "WWE is a corporation, and generally, corporations have not been allowed to be liable under the IGVA." Response at p. 9. Despite this admission, Plaintiff asserts that Illinois Appellate Court's decision in *Gasic v. Marquette Mgmt., Inc.*, 146 N.E.3d 10 (Ill. Ct. App. 2019), supposedly "has provided muddy waters." Response at p. 9. As explained in WWE's Opening Brief, however, *Gasic* did not find a corporation to be

---

2017 and on or about May 19, 2018. As such, Plaintiff has effectively conceded that she is not asserting an IGVA claim with respect to any other alleged incident.

liable under the IGVA and no corporation has been found to violate the IGVA post-*Gasic*—points that Plaintiff does not and cannot dispute. As further explained in WWE's Opening Brief, the cases holding that a corporation cannot be liable under the IGVA, including, in particular, Judge Gettleman's thorough and well-reasoned analysis of the IGVA under traditional principles of statutory interpretation in *Fuesting v. Uline, Inc.*, 30 F. Supp. 3d 739, 743-44 (N.D. Ill. 2014), have continued to be cited approvingly by district courts in this District and other Districts in Illinois even after *Gasic*. Once more, Plaintiff does not and cannot dispute the authorities cited in WWE's Opening Brief to that effect.

Besides, as explained in WWE's Opening Brief and not disputed in Plaintiff's Response, notwithstanding *Gasic*, this Court must apply the IGVA, "as it believes the highest court of the state would apply it if the issue were presently before that tribunal." *State Farm Mut. Auto Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). The Illinois Supreme Court has found that "the plain and ordinary meaning of the term 'person' is 'an individual human being.'" *People v. Christopherson*, 899 N.E.2d 257, 260 (Ill. 2008). Applying the controlling authority of *Christopherson*, the term "person" in the IGVA must likewise be interpreted to mean "an individual human being" and not a corporation. Against the weight of this authority, Plaintiff does not even attempt to argue a contrary statutory interpretation of the IGVA. Instead, essentially capitulating the legal argument, Plaintiff recycles her false polemical attack against WWE and resorts to claiming that notwithstanding the actual terms of the IGVA it supposedly would not be "reasonable or fair" if the IGVA did not apply to corporations "because of how a few words are muddily defined." Response at p. 11. To be sure, this is not the standard on which the IGVA should be interpreted or applied under Illinois law.

## **CONCLUSION**

For all of the foregoing reasons, and the reasons set forth in WWE's Opening Brief, Count II of Plaintiff's Complaint against WWE for violation of the IGVA should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative, 12(b)(6).

Dated: January 22, 2021				Respectfully submitted,


						*/s/ Desiree F. Moore*
						Desiree F. Moore (Illinois Bar No. 6286198)
						Marvis A. Barnes (Illinois Bar No. 6317500)
						K&L GATES LLP
						70 W. Madison Street.
						Suite 3100
						Chicago, IL 60602
						Phone:  312.781.6028
						desiree.moore@klgates.com
						marvis.barnes@klgates.com


						Jerry S. McDevitt
						Curtis B. Krasik
						K&L GATES LLP
						K&L Gates Center
						210 Sixth Avenue
						Pittsburgh, PA 15222
						Phone:  412.355.6500
						jerry.mcdevitt@klgates.com
						curtis.krasik@klgates.com

						***Attorneys for Defendant World Wrestling Entertainment, Inc.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 22, 2021, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, which will send an electronic copy of the foregoing to all counsel who have appeared in this Court, in accordance with Local Rule 5.9 of the Northern District of Illinois.

*/s/ Desiree F. Moore*
Desiree F. Moore