IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA TAVEL A/K/A CANDY CARTWRIGHT<br>    Plaintiff,<br><br>    v.<br><br>MATT RIDDLE, WORLD WRESTLING ENTERTAINMENT, INC., EVOLVE WRESTLING, INC., AND GABE SAPOLSKY<br>    Defendant. | Case Number: 20CV6805 |

## DEFENDANT GABE SAPOLSKY'S REPLY TO PLAINTIFF'S RESPONSE TO HIS MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF

NOW COMES the Defendant, Gabe Sapolsky, through his attorneys, Gal Pissetzky and Lawrence Hyman, and respectfully files this Reply to Plaintiff's Response to his Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). In support of his Reply, Mr. Sapolsky states the following:

### I. Ms. Tavel Failed to Plead Facts Establishing Specific Personal Jurisdiction

Once filed, the motion to dismiss for lack of personal jurisdiction shifted the burden to Ms. Tavel. *Perdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Mr. Sapolsky's supporting affidavits further "obligated [Ms. Tavel] to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *United Airlines, Inc., v. Zaman*, 157 F.Supp.3d 1041, 1045 (N.D. Ill. 2015) (citing *Purdue Research Foundation*, 338 F.3d at 783). Responding assertions that "amount only to vague generalizations or supported allegations . . . are not enough to support personal jurisdiction." *Richter v. INSTAR Enters. Int'l, Inc.*, 594 F.Supp.2d 2000, 1016 n. 6 (N.D. Ill. 2009). "Unrefuted facts in Defendant's affidavits . . . will be taken as true." *Zaman*, 157 F.Supp.3d at 1045 (citing *Employer Retirement Fund v. Goldfarb*

*Corp.*, 565 F.3d 1018, 1020 n. 1 (7th Cir. 2009)). Ms. Tavel's response to Mr. Sapolsky's motion to dismiss wholly fails to sustain her burden and obligations.

Ms. Tavel claims "specific jurisdiction attaches since the cause of action arises out of Matt Riddle's, Gabe Sapolsky's, the WWE's and Evolve's contracts within Illinois." (Dkt. 27 at 6) Under Ms. Tavel's theory, her alleged injuries must arise out Mr. Sapolsky's travel to Illinois and promotion of the Illinois based event. *Burger King*, 471 U.S. at 472. In his motion to dismiss and to negate Ms. Tavel's unsupported jurisdictional claims, Mr. Sapolsky submitted an affidavit asserting neither he nor Evolve asked or hired Ms. Tavel to travel to or perform at the Evolve 104 event; provided the van Ms. Tavel alleges the assault occurred in; employed Ms. Tavel or Mr. Riddle. (Dkt. 22-1). Mr. Sapolsky further averred that Ms. Tavel traveled to and attended the Evolve 104 and 105 events voluntarily and none of her expenses were paid by Mr. Sapolsky or Evolve. (Dkt. 22-1). Additionally, Mr. Sapolsky adopted Ms. Tavel's tweet attached to Mr. Riddle's motion to dismiss that asserted the assaulted occurred "when the 3 other wrestlers had fallen asleep", and Mr. Ranta's affidavit that asserted only one wrestler fell asleep before the van arrived at the Indiana Denny's restaurant. (Dkt. 22 at 3 n. 2, 4).

Ms. Tavel, however, did not attach any affidavits or other documents that support her response and failed to refute any of Mr. Sapolsky's submitted claims. Instead of addressing Mr. Sapolsky's arguments and supporting affidavits, Ms. Tavel repeats her baseless allegations from the Complaint that the assault occurred in Illinois at the time Mr. Sapolsky was also in the state "acting under the performance of a contract that was substantially connected with the state of Illinois." (Dkt. 27 at 6). Specific jurisdiction therefore attaches, Ms. Tavel continues, because the cause arises out of Mr. Sapolsky's contacts within Illinois. The argument is dizzying and unresponsive to the issues at hand.

To be clear, the assault could not have occurred in Illinois if the other passengers did not all fall asleep until the van left the Indiana Denny's restaurant and was on its way to Mr. Ranta's Michigan home. Even if this court ignores this fact, the complaint's and response's claim that the assault occurred after the event ended separate it from the alleged contract that connected Mr. Sapolsky to Illinois. What's more, Ms. Tavel did not provide any proof that any actual contract existed in the first place, and only makes generalized claims of the existence of "contracts within Illinois." (Dkt 27 at 6). Regardless, any of Mr. Sapolsky's relevant Illinois based contacts indisputably ended when the event concluded, *i.e.,* long before the event underlying Ms. Tavel's cause of action allegedly occurred. Most telling, the response wholly fails to submit any factual assertions connecting the assault -which, again, allegedly occurred after the event ended; in a van not provided by Mr. Sapolsky or Evolve; while it drove in a different state; to a location Ms. Tavel chose to travel to voluntarily and on her own expense- arises out of Mr. Sapolsky's being in Illinois to promote Evolve 104. The circumstances compel this court to grant Mr. Sapolsky's motion to dismiss for lack of specific personal jurisdiction.

## II.  Ms. Tavel's Pleadings Defeat Her Illinois Gender Violence Act Against Mr. Sapolsky

To withstand a 12(b)(6) motion to dismiss, Ms. Tavel must plead operative facts which give minimal notice of the claim. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998). Bald allegations that Mr. Sapolsky violated Ms. Tavel under the IGVA are insufficient. *Id.* Moreover, if Ms. Tavel's pleaded particulars "show [she] has no claim, then [she] is out of luck." *Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir. 1996). Here, Mr. Sapolsky clearly "demonstrate[d] [Ms. Tavel] is not entitled to relief" and has pleaded herself out of court. *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

Ms. Tavel cites no specific facts in the Complaint that can serve as a basis for an IGVA claim, let alone one that amounts to a "text book" example. (Dkt. 27 at 8). Ms. Tavel's response merely states, in a cursory and conclusory manner, that her claim is factually sufficient because:

> Mr. Sapolsky was aware Mr. Riddle had sexually assaulted her on May 19, 2018. (Dkt. 27 at 1);
>
> He was aware that Mr. Riddle had assaulted her in April 2017 and May 2018. (Dkt. 27 at 2);
>
> The actions and/or inactions of Mr. Sapolsky are "text book" acts for which the IGVA was created to protect against. (Dkt. 27 at 8);
>
> Plaintiff's complaint at Law satisfied her Rule 8 pleading requirements by describing the sexual assault that occurred on the van. (Dkt.27 at 8, citing to Dkt. #1).

None of these statements respond to Mr. Sapolsky's arguments in his motion to dismiss or identify an operative fact upon which the Ms. Tavel's IGVA claim must rest to succeed. *Kyle*, 144 F.3d at 454-55. Instead, Ms. Tavel's particulars defeat the IGVA claim and plead Ms. Tavel out of court. *Thompson*, 300 F.3d at 751. As Mr. Sapolsky's motion to dismiss identified, the allegations in Count IV show Mr. Sapolsky did not personally engage in any acts or omissions that encouraged or assisted Mr. Riddle in assaulting Ms. Tavel as required by the Act.

In fact, Ms. Tavel has actually pleaded facts that, taken as true for purposes of the motion, defeat her claim entirely. The plain meanings of the facts are that (1) it was only after Mr. Riddle forced her to engage in sexual acts with him, that Mr. Sapolsky tacitly approved of Mr. Riddle's conduct; and (2) years later, on or about January 2020, Mr. Sapolsky removed Ms. Tavel from future bookings after she refused to engage in sexual acts with Mr. Riddle. (Compl., Ct. IV at ¶¶24, 35). Interpreting the Plaintiff's facts most favorably for Ms. Tavel, at best, it can only be said that she has pleaded Mr. Sapolsky turned a blind eye to Mr. Riddle's past conduct. (Compl., Ct. IV at ¶39). This is not conduct upon which Count IV can rest. *Doe v. Sobeck*, 941 F. Supp. 2d 1018,

1028 (S.D. Ill. 2013) (under the IGVA, a defendant's failure to act against a possible harm is not encouragement or assistance). Just as the plaintiff in *Thompson* was "out of luck" because the facts on the face of the complaint defeated his claim, so too is Ms. Tavel out of luck having "pleaded [her]self out of court." *Thompson*, 300 F.3d at 753-54.

To conclude, Ms. Tavel stakes survival of her claim in the face of a 12(b)(6) challenge solely upon her allegations that Mr. Sapolsky knew of Mr. Riddle's conduct. Even if true, and even if, *arguendo*, he did nothing to stop it, these facts are simply not enough to satisfy the Act's requirements that a defendant personally commit acts or omissions that encourage or assist the act or acts of gender-related violence. 740 ILCS 82/10.

**WHEREFORE**, Mr. Sapolsky respectfully requests that this Honorable Court grant his motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

Respectfully Submitted,

/s/Gal Pissetzky
Gal Pissetzky
Pissetzky Law LLC
35 E. Wacker Dr.
Suite 1980
Chicago IL 60601
(847)736-7756
gal@pissetzkylaw.com

/s/ Lawrence H. Hyman
Lawrence H. Hyman (#1297929)
LAWRENCE H. HYMAN & ASSOCIATES
111 West Washington Street - Suite 1025
Chicago, Illinois 60602
(T): (312) 346-6766
(F): (312) 346-9688
(E): hymanlaw@lhyman.com

## **CERTIFICATE OF SERVICE**

      I, Gal Pissetzky, the attorney for Defendant, hereby certify that on February 8, 2021, I filed the above-described documents on the CM/ECF system of the United States District Court for the Northern District of Illinois, which constitutes service of the same.

                                                      /s/Gal Pissetzky
                                                      35 E. Wacker Dr.
                                                      Suite 1980
                                                      Chicago IL 60601
                                                      (847)736-7756
                                                      gal@pissetzkylaw.com