UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAMANTHA TAVEL,

               Plaintiff,

      v.

MATT RIDDLE, et al.,

               Defendants.

No. 20 CV 6805

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff Samantha Tavel, a professional wrestler and social media personality, alleges that another wrestler, Matt Riddle, sexually assaulted her on a minibus after a wrestling event in Summit, Illinois. She brings claims under the Illinois Gender Violence Act against Riddle; the two companies she says put on the event, World Wrestling Entertainment, Inc. and Evolve Wrestling; and Gabe Sapolsky, Evolve's co-founder. Riddle, WWE, and Sapolsky move to dismiss for lack of personal jurisdiction and failure to state a claim. For the reasons that follow, their motions are granted in part, denied in part.

## I.    Legal Standards

Federal Rule of Civil Procedure 12(b)(2) governs dismissals based on lack of personal jurisdiction. A plaintiff need not include facts alleging personal jurisdiction in the complaint, but once a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing it. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020); *Matlin v. Spin Master Corp.*, 921 F.3d

701, 704–05 (7th Cir. 2019). If defendants submit evidence opposing the court's exercise of personal jurisdiction, the plaintiff must "go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782–83 (7th Cir. 2003); *see Matlin*, 921 F.3d at 705. Without an evidentiary hearing, the plaintiff only needs to make a prima facie showing of personal jurisdiction. *Matlin*, 921 F.3d at 705. I accept undisputed facts in the defendants' affidavits as true, but resolve any factual disputes in the affidavits in favor of the plaintiff. *Curry*, 949 F.3d at 393.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, I construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Calderone v. City of Chicago*, 979 F.3d 1156, 1161 (7th Cir. 2020). In resolving the 12(b)(6) motion, I may only consider allegations in the complaint, documents attached to the complaint, documents that are both referred to in the complaint and central to its claims, and information that is subject to proper judicial notice. *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

## II.    Background

Defendant World Wrestling Entertainment, Inc. was a media and entertainment company known for professional wrestling. [1-1] at 9–10 ¶¶ 1, 3.[1] WWE controlled defendant Evolve Wrestling, Inc's events and acted on its behalf. [1-1] at 10 ¶¶ 6–7. Defendant Gabe Sapolsky was a co-founder of Evolve and acted as an agent or employee of both WWE and Evolve. [1-1] at 10 ¶¶ 10–13. Riddle was a professional wrestler employed by WWE and Evolve. [1] at 10 ¶ 14. Tavel was an independent contractor who worked as a professional wrestler and social media ambassador for Evolve. [1-1] at 11 ¶ 20.

In April 2017, Riddle sexually assaulted Tavel in a vehicle in the parking lot after a wrestling event. [1-1] at 11 ¶ 21. Riddle bragged to other employees of Evolve, including Sapolsky, that he had forced himself on Tavel without her consent. [1-1] at 12 ¶ 22. Sapolsky, Evolve, and WWE took no disciplinary action against Riddle. [1-1] at 12 ¶ 23.

In May 2018, Evolve hosted a wrestling event in Summit, Illinois. [1-1] at 12 ¶ 26. After the event, Riddle choked Tavel and forced her to perform oral sex on him while on a minibus leaving the event, in front of other Evolve members. [1-1] at 12 ¶ 27. Riddle continued to force Tavel to perform sex acts on him and warned that if she refused, she wouldn't be booked for future shows. [1-1] at 12 ¶ 30. In January 2020, Tavel refused to continue performing sex acts on Riddle. [1-1] at 13 ¶ 32. The

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. Facts are taken from the complaint. *See* [1-1] at 9–23.

same day, she was told her future bookings with WWE were terminated due to "issues with the talent." [1-1] at 13 ¶ 33. Tavel alleges that Riddle told WWE and Evolve to stop booking her. [1-1] at 13 ¶ 34.

Tavel alleges that the defendants had been condoning sexual assault for years, created a toxic misogynistic culture, and tacitly approved of Riddle's conduct toward her. [1-1] at 12 ¶¶ 24–25, 28–29, 35. She brings one claim each under the Illinois Gender Violence Act against Riddle, WWE, Evolve, and Sapolsky.[2] Riddle, WWE, and Sapolsky move separately to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).[3]

## III. Analysis

### A. Personal Jurisdiction

When a federal court sits in diversity, the court exercises personal jurisdiction to the same extent as a state court. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 855 n.2 (7th Cir. 2011). The Illinois long-arm statute permits jurisdiction to the same limits as the Due Process Clause. *Curry*, 949 F.3d at 393; *see* 735 ILCS § 5/2-209(c).

---

[2] The court has subject-matter jurisdiction over these state-law claims. Tavel is a citizen of New York. [1] ¶ 8. Riddle is a citizen of Florida, and Sapolsky is a citizen of Massachusetts. [1] ¶¶ 8, 12. WWE was incorporated in Delaware with its principal place of business in Connecticut. [1] ¶ 9. Evolve Wrestling was incorporated and had its principal place of business in Florida. [1] ¶ 11. The amount in controversy exceeds $75,000. [1] ¶ 15. 28 U.S.C. § 1332.

[3] Evolve was voluntarily dissolved and has not entered an appearance in this litigation, although its president consented to the suit's removal from state to federal court. [1-1] at 4, 21.

The Due Process Clause allows personal jurisdiction over an out-of-state defendant if the defendant has "certain minimum contacts" with the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are two types of personal jurisdiction: general and specific. *J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 575 (7th Cir. 2020). General jurisdiction allows a defendant to be sued in a particular forum for any claim, regardless of whether the claim has any connection to the forum state. *Id.* The defendant's connection to the forum state must be so continuous and systematic as to render it "essentially at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Tavel argues that the court has general jurisdiction over WWE, but concedes the point as to Riddle and Sapolsky. [20] at 5; [27] at 5. A corporation is at home in the corporation's principal place of business and the state of its incorporation. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). It's "rare" for a corporation to be at home somewhere other than those two states. *Kipp*, 783 F.3d at 699. WWE is incorporated in Delaware and headquartered in Connecticut. So Tavel must show that this is an "exceptional case" in which a corporation is at home in a third state. *Daimler*, 571 U.S. at 139 n.19. Tavel falls short. She points to two facts: WWE is qualified to do business as a corporation in Illinois, and WWE maintains a registered agent in the state. [19] at 5. She does not support those assertions with an affidavit, but attaches what appears to be an unsigned memo to her attorney establishing each

defendant's citizenship. [19-1]. The fact that WWE is qualified to do business in Illinois says nothing about WWE's contacts with the state. Being authorized to do business in Illinois doesn't mean WWE actually does business in the state, let alone on such a continuous basis that it's essentially at home here. And even if Tavel could establish that WWE did regular business in Illinois, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139 n.20. WWE cannot be at home in every state in which it occasionally holds events. Tavel has not met her burden, and the court does not have general jurisdiction over WWE.

Specific jurisdiction is about "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277 (2014) (quoting *Keeton v. Hustler Magazine*, 465 U.S. 770, 775 (1984)). The defendant's contacts with the forum state must "directly relate to the challenged conduct or transaction." *Matlin*, 921 F.3d at 705 (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)). So for a court to exercise specific personal jurisdiction over an out-of-state defendant, the defendant's contacts with the forum state must show that he purposefully availed himself of the privilege of conducting business in that state; the plaintiff's injury must have arisen out of the defendant's forum-related activities; and any exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Curry*, 949 F.3d at 398.

A connection between the forum and the underlying controversy is "principally, an activity or an occurrence that takes place in the forum State and is therefore

subject to the State's regulation." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear Tires*, 564 U.S. at 919). The complaint alleges that the assault "t[oo]k place in the forum State." *Id.* Riddle was subject to Illinois laws and regulations when he allegedly assaulted someone while traveling within Illinois. Put another way, committing a tort in the forum state is usually sufficient to establish specific personal jurisdiction in the courts of that state. *See, e.g.*, *Monster Energy Co. v. Wensheng*, 136 F.Supp.3d 897, 904–05 (N.D. Ill. 2015) ("As long as one tortious act is committed in Illinois, the courts of the state, and thus this Court, may exercise personal jurisdiction over Defendant." (quotation omitted)); *see also* 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure Civ.* § 1069.1 (4th ed.) (generally, specific jurisdiction lies where "a defendant commits a tortious act within the forum state"). Riddle's argument (raised in connection with his Rule 12(b)(6) motion) that the assault couldn't have happened in Illinois is not enough to undermine this court's jurisdiction. He relies on Tavel's tweets stating that Riddle assaulted her while the other passengers were sleeping, and the driver's affidavit affirming that most of the passengers didn't fall asleep until after the minibus had left Illinois. [13-3]; [13-5] ¶¶ 17, 20. Although Tavel doesn't rebut the driver's affidavit, accepting Riddle's evidentiary submissions as true doesn't establish that the assault happened out of state. That some passengers were awake in Illinois doesn't necessarily mean the assault didn't happen here. I draw inferences in Tavel's favor, and notwithstanding Riddle's protestations of implausibility, one reasonable

inference is that the assault occurred in Illinois even though some people in the vehicle were awake.[4]

Riddle purposefully availed himself of the privilege of conducting business here. The purposeful-availment requirement ensures that the court's jurisdiction is not based on random or attenuated contacts. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014). The defendant's connection to the forum state must be "substantial enough to make it reasonable for the defendant to anticipate that he could be haled into court there." *Id.* Riddle flew to Illinois, performed at an Illinois venue for an Illinois audience, and traveled on Illinois roads following the show. True, Riddle had finished performing when the assault occurred. But he was riding in a minibus driven by a wrestling videographer, with other wrestlers, en route from the event in Illinois to the next event in Michigan. [13-5] ¶¶ 4, 6–11. His transportation after the event was tied to his business activity in Illinois. It's entirely foreseeable that someone who commits an assault while traveling in a state could be made to appear in court in that state. And Riddle's contacts with Illinois were related to Tavel's claim. Based on the current record, and drawing inferences in Tavel's favor, Riddle assaulted her while traveling in Illinois. Beyond the assault itself, Tavel alleges that the wrestling world's culture of misogyny enabled her assault; Riddle had

---

[4] If Riddle wasn't in Illinois when he assaulted Tavel then it's possible that he didn't purposefully avail himself of the privileges of acting in Illinois. Neither party asked for an evidentiary hearing on the issue of personal jurisdiction. If after some discovery, Riddle believes that an evidentiary hearing can resolve the location of the assault, he can renew his Rule 12(b)(2) motion. *See Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 914–15 (7th Cir. 1994) ("[T]he denial of a preliminary challenge to personal jurisdiction … is not an automatic bar to the renewal of the motion after evidence bearing on it has been obtained by pretrial discovery or presented at trial.").

participated in an Illinois wrestling event just before the drive. *See Curry*, 949 F.3d at 402 (defendant's contacts were "clearly related to the claims in th[e] suit").

Tavel has established purposeful availment and claim-related contacts. That leaves whether haling Riddle into court in Illinois would offend traditional notions of fair play and substantial justice. As long as the plaintiff has made a "threshold showing of minimum contacts," that showing is generally only defeated if the defendant presents a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). Riddle hasn't identified any reason why exercising jurisdiction would be unreasonable or unfair here.

Riddle's other objections to personal jurisdiction are unpersuasive. He insists that Tavel doesn't live in Illinois, so his suit-related conduct wasn't directed at citizens of the state. Tavel's residency is irrelevant. Personal jurisdiction is about the connection between the defendant, the forum state, and the claim, and the "connection must be of the defendant's creation, not of the plaintiff's." *Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520, 522 (7th Cir. 2018). It's the defendant's contacts with the state itself that count, not with "persons who reside there." *Id.* (quoting *Walden*, 571 U.S. at 285). So whether Riddle's conduct was directed at an Illinois resident doesn't matter, so long as the claim-related conduct arose out of his contacts with Illinois.

Riddle also argues that a plaintiff's harm occurring in the forum state is insufficient to establish personal jurisdiction. That's true enough, but unlike the

9

cases that Riddle relies on, this isn't a situation in which a defendant's out-of-state act has far-flung effects, and the only connection to the forum state is the site of the plaintiff's injury. *Cf. Ratliff v. Celadon Trucking Servs., Inc.*, 2018 WL 1911797, at *5 (N.D. Ill. Apr. 23, 2018); *Dobrowolski v. Intelius, Inc.*, 2017 WL 3720170, at *4 (N.D. Ill. Aug. 29, 2017). Tavel's harm occurred in Illinois because Riddle allegedly assaulted her in Illinois. Nor is this a case in which an out-of-state company directs some business or internet activities at the forum state, but those activities don't relate to the litigation. *Cf. Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 798 (7th Cir. 2014) (no personal jurisdiction in trade-infringement suit in Indiana where the trade infringement was unrelated to the California defendant's business in Indiana); *Al Haj v. Pfizer Inc.*, 338 F.Supp.3d 741, 751–52 (N.D. Ill. 2018) (same, where plaintiff's injury occurred in Michigan and his allegations revealed "no links" between that injury and the defendant's contacts with Illinois). Riddle points to no case where a court lacked jurisdiction over an individual defendant who committed an intentional tort in the forum state and the plaintiff was immediately injured in that state. Riddle's suit-related conduct occurred during his contacts with Illinois. The court has specific personal jurisdiction over Riddle.

Tavel has not demonstrated that specific personal jurisdiction lies over WWE. According to WWE's sworn affidavit, WWE had no involvement in the May 2018 wrestling event and didn't employ Riddle at that time. [11-1] ¶ 9. Tavel offers no evidence to rebut these facts, so I accept them as true, notwithstanding the complaint's allegation that WWE controlled Evolve's events. To establish personal

jurisdiction, Tavel needed to come forward with evidence to establish a prima facie case over WWE. Because WWE wasn't involved in the May 2018 event around which Tavel's injury occurred, her injury didn't arise out of WWE's Illinois-related activities. And though she vaguely refers to WWE's holding events worldwide, and specifically in Illinois, she doesn't explain when or how WWE held events in Illinois. WWE's connection to Illinois is vaguely sketched, and its connection to the conduct alleged in Tavel's suit is nonexistent.

Tavel also fails to meet her burden regarding Sapolsky. According to Sapolsky's affidavit, [22-1], he was in Illinois at the May 2018 wrestling event. Evolve arranged transportation for the wrestlers after the event, but Riddle and Tavel took different transportation to the next event in Michigan. Sapolsky wasn't in the minibus where the assault occurred. Neither Riddle nor Tavel were employees of Evolve, and Tavel attended the event voluntarily. Tavel doesn't rebut these facts either, so I take them as true. Tavel hasn't sufficiently established a connection between Sapolsky's Illinois contacts and the claim at issue. She accuses Sapolsky of encouraging or assisting Riddle's behavior. But Sapolsky didn't know about the assault and wasn't in the minibus where it happened. And there's no allegation that Sapolsky encouraged Riddle's behavior in the course of his contacts with Illinois. It's unclear when or where that alleged encouragement occurred. Tavel argues only that Sapolsky was physically present in the state at the time of the assault. Of course, physical presence in the forum state is a "relevant contact." *Walden*, 571 U.S. at 285. But when there's no connection between the defendant's contacts with the state and the underlying

controversy, "specific jurisdiction is lacking regardless of the extent of the defendant's unconnected activities in the State." *Bristol-Myers Squibb*, 137 S. Ct. at 1781. Tavel hasn't sufficiently linked Sapolsky's activities in Illinois with the conduct underlying her suit.

Tavel is wrong that Riddle's contacts with Illinois suffice to establish minimum contacts on the part of WWE or Sapolsky. The relationship between each defendant and the state must arise out of contacts that the "defendant *himself*" creates with the forum state. *Walden*, 571 U.S. at 284 (quoting *Burger King*, 471 U.S. at 475). The activity of another party or a third person is "not an appropriate consideration" when assessing a defendant's minimum contacts. *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984)). Neither Sapolsky nor WWE had sufficient claim-related contacts with Illinois. Riddle's motion to dismiss for lack of personal jurisdiction is denied, with leave to renew after discovery; Sapolsky's and WWE's motions are granted.[5]

### B. Failure to State a Claim

The Illinois Gender Violence Act authorizes anyone "who has been subjected to gender-related violence" to sue the perpetrator of that violence. 740 ILCS § 82/10. Gender-related violence is "a physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois," regardless of whether the act was criminally charged or prosecuted. 740

---

[5] Because the court does not have personal jurisdiction over WWE and Sapolsky, I do not reach their arguments that the complaint fails to state a claim against them.

ILCS § 82/5(2). The statute covers either personally committing gender-related violence or "personally encouraging or assisting" it. 740 ILCS § 82/10. A defendant commits battery in Illinois if he intentionally causes harmful or offensive contact with another person. *Flores v. Santiago*, 2013 IL App (1st) 122454, ¶ 14.

Tavel has stated a claim against Riddle for violating the Gender Violence Act. She alleges that he forced her to perform oral sex on him. That's a harmful and offensive touching and a physical invasion of a sexual nature. Tavel's allegations, although contested, are plausible and they suffice to put Riddle on notice of the conduct he's accused of.

Riddle correctly points out that the Act would not apply to conduct that occurred outside Illinois. There's a "long-standing rule of construction in Illinois" that a statute is "without extraterritorial effect" unless the statute evinces a clear intent otherwise. *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 184–85 (2005) (quoting *Dur-Ite Co. v. Industrial Comm'n*, 394 Ill. 338, 350 (1946)). The text of the Act doesn't provide for extraterritorial application. But Tavel alleges that the assault occurred "while on a bus leaving the event in Summit, Illinois." *See* [1-1] at 12 ¶ 27. It doesn't strain the language of Tavel's allegation to read it as situating the assault in Illinois. I draw inferences in Tavel's favor and accept facts in the complaint as true, and the complaint alleges that the assault occurred here. Riddle's arguments otherwise are factual arguments better left for summary judgment. While it's appropriate to look outside the pleadings to assess personal jurisdiction, Riddle's attempt to use his evidentiary submissions to rope additional facts into the motion-

13

to-dismiss analysis is inappropriate at this stage of the case. Riddle's motion to dismiss for failure to state a claim is denied.

## IV. Conclusion

WWE's and Sapolsky's motions to dismiss, [10], [22], are granted. Counts II and IV are dismissed without prejudice for lack of personal jurisdiction, and WWE and Sapolsky are terminated as parties to the case. Riddle's motion to dismiss, [13], is denied. Riddle's answer to the complaint is due April 14, 2021, and the parties shall file a joint status report on April 21, 2021, with a proposed discovery schedule.


ENTER:

Manish S. Shah
United States District Judge

Date: March 24, 2021

14