UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMANTHA TAVEL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No.   20-cv-06805 |
| | ) | |
| MATTHEW RIDDLE, EVOLVE | ) | Judge Manish S. Shah |
| WRESTLING, INC., GABE SAPOLSKY, AND | ) | |
| WORLD WRESTLING ENTERTAINMENT, | ) | |
| INC., | | |
| Defendants. | ) | |
| | ) | |

---

Matthew Riddle's Answer and Affirmative Defenses to Plaintiff's Complaint

---

The Prinz Law Firm, P.C.
Kristen Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
Laura Lefkow-Hynes (llefkowhynes@prinz-lawfirm.com)
One East Wacker Drive, Suite 2500
Chicago, Illinois 60601
P: (312) 212-4450
F: (312) 284-4822

1

## ANSWER

Defendant Matthew Riddle answers Plaintiff Samantha Tavel's Complaint and asserts affirmative defenses as follows.

## PARTIES

1.  On before, and after, May 19, 2018, defendant, World Wrestling Entertainment, Inc., (hereinafter referred to as "WWE"), was a media and entertainment company incorporated in the State of Delaware.

**ANSWER:** Mr. Riddle admits WWE is a corporation but is without sufficient information or knowledge to form a belief as to the remaining allegations in this paragraph and therefore denies same.

2.  On before, and after, May 19, 2018, defendant, WWE, was a corporation qualified to do business as a corporation in the State of Illinois and is presently active with the Illinois Secretary of State Corporation Division.

**ANSWER:** Mr. Riddle lacks sufficient information or knowledge to form a belief as to the allegations in this paragraph and therefore denies same.

3.  On before, and after, May 19, 2018, defendant WWE was primarily known for professional wrestling.

**ANSWER:** Mr. Riddle admits the allegations in this paragraph.

4.  On before, and after May 19, 2018, defendant WWE conducted business in the State of Illinois and Cook County, Illinois.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle lacks sufficient information or knowledge to form a belief as to the allegations in this paragraph and therefore denies same.

5.     On before, and after May 19, 2018, defendant WWE was actively involved in the conduct of business of Evolve.

**ANSWER**: Mr. Riddle lacks sufficient information or knowledge to form a belief as to the allegations in this paragraph and therefore denies same.

6.     On before, and after May 19, 2018, defendant WWE and its representatives acted as agents of defendant Evolve.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle lacks sufficient information or knowledge to form a belief as to the allegations in this paragraph and therefore denies same.

7.     On before, and after May 19, 2018, defendant WWE had control of the events conducted by defendant, Evolve.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle lacks sufficient information or knowledge to form a belief as to the allegations in this paragraph and therefore denies same.

8.     On before, and after May 19, 2018, defendant WWE provided rules for which defendant, Evolve's, agents had to comply with.

**ANSWER:** Mr. Riddle lacks sufficient information or knowledge to form a belief as to the allegations in this paragraph and therefore denies same.

9.     On before, and after May 19, 2018, defendant Evolve Wrestling Inc. was a Florida Corporation.

**ANSWER:** Mr. Riddle lacks sufficient information or knowledge to form a belief as to the allegations in this paragraph and therefore denies same.

10.     On before, and after May 19, 2020, defendant Gabe Sapolsky was a co-founder of Evolve.

**ANSWER:** Mr. Riddle admits the allegations in this paragraph.

11.     On before, and after May 19, 2020, defendant Gabe Sapolsky was enacting rules for the professional wrestlers at Evolve at the direction of the WWE and Vince McMahon.

**ANSWER:** Mr. Riddle lacks sufficient information or knowledge to form a belief as to the allegations in this paragraph and therefore denies same.

12.     On before, and after May 29, 2018, defendant Gabe Sapolsky was acting as an agent and/or employee of the WWE.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle lacks sufficient information or knowledge to form a belief as to the allegations in this paragraph and therefore denies same.

13.     On before, and after May 29, 2018, defendant Gabe Sapolsky was acting as an agent and/or employee of Evolve.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle lacks sufficient information or knowledge to form a belief as to the allegations in this paragraph and therefore denies same.

14.     On before, and after May 19, 2018, defendant Matt Riddle was a professional wrestler employed by Mr. Riddle, WWE and Evolve.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

15.     At all times relevant, defendant Matt Riddle was acting as an agent and/or employee of the WWE and Evolve.

4

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

## BACKGROUND

16.     WWE and Evolve host events for professional wrestling. Historically, professional wrestling has been a male dominated sport. In recent years, females have begun to perform for WWE and Evolve.

**ANSWER:** Mr. Riddle lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, denies the same.

17.     Female performers perform in lingerie, and are held to different beauty standards than male performers. Female performers also make less money than male performers and experience more hurdles in their career advancement.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

18.     The culture of professional wrestling is dangerous for women. The culture, created by WWE and Evolve, hypersexualizes female performers and profits from male aggression. In the past six months there have been multitudes of allegations of sexual assault perpetrated on female performers by male performers that WWE and Evolve allowed and tacitly encouraged.

**ANSWER:** Mr. Riddle lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, denies the same.

19.     Plaintiff Samantha Tavel was one such victim of instances of sexual assault by male performer Matt Riddle.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

## FACTS

**ANSWER:** Mr. Riddle denies any inferences contained in this header.

5

20.     On before, and after May 19, 2018, Plaintiff, Samantha Tavel a/k/a Candy Cartwright, was an independent contractor performing work as a professional wrestler and social media ambassador for Evolve.

**ANSWER:** Mr. Riddle admits the allegations in this paragraph.

21.     In April of 2017, defendant, Matt Riddle, began sexually assaulting Plaintiff by forcing himself on her and penetrating her with his penis while in a vehicle in the parking lot after a wrestling event promoted by Evolve.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph. Answering further, Mr. Riddle and Ms. Tavel were engaged in a consensual, sexual relationship, and at no point in April 2017 were they in Illinois together.

22.     Defendant Matt Riddle then bragged to other employees of Evolve, including defendant, Gabe Sapolsky, that he forced himself on the Plaintiff and sexually assaulted her, and this was done without her consent.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

23.     Matt Riddle experienced no adverse employment action or discipline from Gabe Sapolsky, Evolve, or the WWE even though he had committed acts of sexual assault without Plaintiff's consent.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

24.     Gabe Sapolsky, Evolve and WWE tacitly approved of Matt Riddle's sexual violence towards the Plaintiff.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

25.     Defendants' tacit approval of this conduct by Matt Riddle, combined with the toxic misogynistic culture created by Defendants, allowed, encouraged and aided Matt Riddle to continue this behavior towards the Plaintiff.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

26.     On or about May 19, 2018, defendant, Evolve, hosted a professional wrestling event in Summit, Illinois, Cook County.

**ANSWER:** Mr. Riddle admits the allegations in this paragraph.

27.     On or about May 19, 2018, after the Evolve event, defendant, Matt Riddle, forced the Plaintiff to perform oral sex on him by choking the plaintiff, in front of other members of Evolve while on a bus leaving the event in Summit, Illinois.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

28.     Upon information and belief, defendant, WWE, has a history of condoning sexual assault.

**ANSWER:** Mr. Riddle lacks sufficient information or knowledge to form a belief as to the remaining allegations in this paragraph and therefore denies same.

29.     Upon information and belief, defendant, WWE, has condoned sexual assault in the workplace for over 30 years.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle lacks sufficient information or knowledge to form a belief as to the remaining allegations in this paragraph and therefore denies same.

30. Defendant, Matt Riddle, Individually [sic], and acting as an agent and/or employee of the WWE and Evolve continued to force the Plaintiff to perform sexual acts on him under the threat that if the Plaintiff did not, she would not be booked for any further shows.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

31. On or about January 31, 2020, Plaintiff had bookings with the WWE and Evolve.

**ANSWER:** Mr. Riddle lacks sufficient information or knowledge to form a belief as to the allegations in this paragraph and therefore denies same.

32. At the aforementioned time and date, Plaintiff refused to continue to be forced to perform sexual acts on defendant, Matt Riddle.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

33. On the aforementioned time and date, Plaintiff was told her future bookings with the WWE and Evolve were terminated due to "issues with the talent."

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

34. Upon information and belief, defendant, Matt Riddle, had informed the WWE and Evolve that he did not want her working with the WWE and Evolve due to Plaintiff no longer performing forced sexual acts on him. Meanwhile, Matt Riddle continued to perform for the WWE and Evolve, to this date.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

35. Mr. Riddle WWE, Evolve, and Gabe Sapolsky, continued to tacitly approved [sic] of defendant, Matt Riddles' [sic] conduct, and assisted and encouraged his behavior by removing the Plaintiff from future bookings with the WWE and Evolve.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

## COUNT I – *Gender Violence Act* – Matt Riddle

8

**ANSWER:** Mr. Riddle denies any inferences in this header.

1-35. Plaintiff realleges and adopts paragraphs one through thirty-five (1-35) of this complaint at law as though fully stated and pled herein.

**ANSWER:** Mr. Riddle realleges and incorporates the preceding paragraphs of his Answer into this paragraph.

36. On before and after May 19, 2018, defendant, Matt Riddle had a duty of ordinary care so as to avoid causing injury and/or harmful or offensive contact to the plaintiff, Samantha Tavel, including acts of gender violence.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

37. On before, and after the aforementioned date, defendant, Matt Riddle, had duty [sic] to refrain from tortious conduct against the Plaintiff.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

38. Pursuant to 740 ILCS 82/5, defendant, Matt Riddle had a duty to refrain from committing acts of gender violence.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

39. In violation of the aforementioned duties, the defendant, Matt Riddle, perpetrated gender violence against the Plaintiff in one or more of the following ways:

    a. Forcefully penetrated the Plaintiff with his penis without her consent;

    b. Forced the plaintiff to perform sexual acts on him with threats and physical harm; and

    c.   Forced the plaintiff to perform sexual acts on him with the threat of her losing her job.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph and each and every subparagraph.

40.    As a proximate result of the foregoing acts or omissions, the Plaintiff was sexually assaulted and suffered physical and emotional injuries.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

WHEREFORE, plaintiff, Samantha Tavel demands judgment against Defendant, Matt Riddle, for an amount in excess of $10,000,000.00 including but not limited to actual damages, damages for emotional distress, punitive damages, attorney's fees and costs.

**ANSWER:** To the extent that this paragraph seeks a legal conclusion, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

### COUNT II - *Gender Violence Act* - World Wrestling Entertainment Inc.

**ANSWER:** Mr. Riddle denies any allegations in this header.

1-35.  Plaintiff realleges and adopts paragraphs one through thirty-five (1-35) of this complaint at law as though fully stated and pled [sic] herein.

**ANSWER:** Mr. Riddle realleges and incorporates the preceding paragraphs of his Answer into this paragraph.

41.    [1]On and before the aforementioned dates, the Defendant WWE had a duty of ordinary care so as to avoid causing injury and/or harmful or offensive contact to the plaintiff, Samantha Tavel, including acts of gender violence.

---

[1] It was impossible to replicate the Complaint's numbering scheme and maintain logical consistency.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

42.     On and before the aforementioned dates, the Defendant WWE had a duty to refrain from assisting and encouraging tortious conduct of the assailant, Matt Riddle, against the Plaintiff.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

43.     Pursuant to 740 ILCS 82/5, Defendant WWE had a duty to refrain from encouraging or assisting acts of gender violence.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

44.     In violation of the aforementioned duties, the Defendant WWE by and through its agents and/or employees perpetrated gender violence against the Plaintiff by encouraging or assisting in gender violence in one or more of the following ways:

    a.  violence [sic] acts against the Plaintiff;

    b.  Knew or should have known that the defendant, Matt Riddle, had a propensity to commit such acts;

    c.  Knew or should have known that Gabe Sapolsky, knew, and encouraged these sexual acts committed by Matt Riddle;

    d.  Created an atmosphere of toxic misogyny that encourages gender violence.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph and denies each and every subparagraph.

45.    As a proximate result of the foregoing acts or omissions, the Plaintiff was sexually assaulted and suffered physical and emotional injuries.

**ANSWER:** Mr. Riddle denies the allegations in this paragraph.

WHEREFORE, plaintiff, Samantha Tavel, demands judgment against Defendant, WWE, for an amount in excess of $10,000,000.00 including but not limited to actual damages, damages for emotional distress, punitive damages, attorney's fees and costs.

**ANSWER:** To the extent that this paragraph seeks a legal conclusion, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

### COUNT III- *Gender Violence Act-* Evolve Wrestling, Inc.

**ANSWER:** Mr. Riddle denies any allegations in this header.

1-35. Plaintiff realleges and adopts paragraphs one through thirty-five (1-35) [*sic*] of this complaint at law as though fully stated and pled herein.

**ANSWER:** Mr. Riddle realleges and incorporates the preceding paragraphs of his Answer into this paragraph.

46.    On and before the aforementioned dates, the Defendant Evolve had a duty of ordinary care so as to avoid causing injury and/or harmful or offensive contact to the plaintiff, Samantha Tavel, including acts of gender violence.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

47.    On and before the aforementioned dates, the Defendant Evolve had a duty to refrain from assisting and encouraging tortious conduct of the assailant, Matt Riddle, against the Plaintiff.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

48.     Pursuant to 740 ILCS 82/5, Defendant Evolve had a duty to refrain from encouraging or assisting acts of gender violence.

**ANSWER**: To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

49.     In violation of the aforementioned duties, the Defendant Evolve and through its agents and/or employees perpetrated gender violence against the Plaintiff by encouraging or assisting in gender violence in one or more of the following ways:

    a. Allowed, encouraged or permitted the defendant, Matt Riddle, to commit gender violence acts against the Plaintiff;

    b. Knew or should have known that the defendant, Matt Riddle, had a propensity to commit such acts;

    c. Knew or should have known that Gabe Sapolsky encouraged these sexual acts;

    d. Created an atmosphere of toxic misogyny that encourages gender violence.

**ANSWER**: To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies the allegations in this paragraph and each subparagraph.

50.     As a proximate result of the foregoing acts or omissions, the Plaintiff was sexually assaulted and suffered physical and emotional injuries.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies the allegations in this paragraph.

WHEREFORE, plaintiff, Samantha Tavel, demands judgment against Defendant, Evolve, for an amount in excess of $10,000,000.00 including but not limited to actual damages, damages for emotional distress, punitive damages, attorney's fees and costs.

**ANSWER:** To the extent that this paragraph seeks a legal conclusion, no answer is required. Mr. Riddle denies the allegations in this paragraph.

## <u>COUNT IV- *Gender Violence Act*- Gabe Sapolsky</u>

**ANSWER:** Mr. Riddle denies any allegations in this header.

1-35.   Plaintiff realleges and adopts paragraphs one through thirty-five (1-35) of this complaint at law as though fully stated and pled herein.

**ANSWER:** Mr. Riddle realleges and incorporates the preceding paragraphs of his Answer into this paragraph.

51.     On and before the aforementioned dates, the Defendant Gabe Sapolsky had a duty of ordinary care so as to avoid causing injury and/or harmful or offensive contact to the plaintiff, Samantha Tavel, including acts of gender violence.

   **ANSWER:** Mr. Riddle denies the allegations in this paragraph.

52.     On and before the aforementioned dates, the Defendant Gabe Sapolsky had a duty to refrain from assisting and encouraging tortious conduct of the assailant, Matt Riddle, against the Plaintiff.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

53.     Pursuant to 740 ILCS 82/5, Defendant Gabe Sapolsky had a duty to refrain from encouraging or assisting acts of gender violence.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

54.     In violation of the aforementioned duties, the Defendant Gabe Sapolsky by and through its agents and/or employees perpetrated gender violence against the Plaintiff by encouraging or assisting in gender violence in one or more of the following ways:

   a. Allowed, encouraged or permitted the defendant, Matt Riddle to commit gender violence acts against the Plaintiff;

   b. Knew or should have known that the defendant, Matt Riddle had a propensity to commit such acts; and

   c. Created an atmosphere of toxic misogyny that encourages gender violence.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph and each subparagraph.

55.     As a proximate result of the foregoing acts or omissions, the Plaintiff was sexually assaulted and suffered physical and emotional injuries.

**ANSWER:** To the extent that this paragraph seeks legal conclusions, no answer is required. Mr. Riddle denies any remaining allegations in this paragraph.

WHEREFORE, plaintiff, Samantha Tavel, demands judgment against Defendant,  Gabe Sapolsky, for an amount in excess of $10,000,000.00 including but not limited to actual damages, damages for emotional distress, punitive damages, attorney's fees and costs.

**ANSWER:** To the extent that this paragraph seeks a legal conclusion, no answer is required. Mr. Riddle denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### Facts Common to All Defenses

1.      Mr. Riddle is a professional wrestling entertainer who contracts with WWE and formerly contracted with Evolve.

2.      He is a resident of Florida, where he lives with his wife and their children.

3.      He maintains no residence and owns no property in the State of Illinois. *Id.* His only contact with Illinois was brief performances for work.

4.      Ms. Tavel wrestles professionally under the name "Candy Cartwright" and worked as a social media ambassador for Evolve as an independent contractor.

5.      On information and belief, Ms. Tavel is a resident of New York State and owns no property in the State of Illinois.

6.      Evolve, now defunct, hosted a series of wrestling events to which both Mr. Riddle and Ms. Tavel have been invited, separately, to perform at or to attend on a number of occasions. *Id.* ¶ 16.

7.      After one such Evolve event in New York City in April 2017, Ms. Tavel and Mr. Riddle began an affair that lasted almost three years. *Id.* ¶¶ 21, 32, *see* ECF No. 12-3 (Evolve Performance Schedule).

8.      During their nearly three-year affair they engaged only in consensual sexual activity.

9.      Mr. Riddle did not disclose their activities to others because he was trying to keep the affair a secret from his wife.

10.      Mr. Riddle never threatened Ms. Tavel or coerced her in any way.

16

11.     Mr. Riddle never said that if Ms. Tavel did not engage in sex acts with him that she would not be booked for shows.

12.     Mr. Riddle had no control over her employment.

13.     On May 19, 2018, Mr. Riddle flew into O'Hare International Airport to perform that evening at the Evolve 104 show at the Summit Park District in Summit, Cook County, Illinois.

14.     Ms. Tavel attended the Evolve 104 show in a private capacity.

15.     After the show, Joseph M. Ranta, a videographer, drove some performers, including Mr. Riddle and Ms. Tavel, to their hotel in Michigan. *See* ECF No. 12-4 (Aff. of Ranta).

16.     The Evolve 105 show was scheduled for the following day in Livonia, Michigan. *See* ECF No. 12-3.

17.     Mr. Ranta drove his personal vehicle, a 1994 GMC Savana 1500 conversion van that seated seven in three rows. *See* ECF No. 12-4 ¶ 9, *see also* ECF No. 12-4(A) (photos of Ranta's van).

18.     Sitting up front with Mr. Ranta was wrestler James Dowell also known as "JD Drake." *Id.* ¶ 11.

19.     In the two middle seats were wrestlers Keith Lee (behind Mr. Dowell) and Anthony Henry (behind Mr. Ranta), and in the back were Mr. Riddle and Ms. Tavel. *Id.* ¶ 11.

20.     Mr. Ranta used his GPS that night, which recorded that the party left the Summit Park District at 12:26 a.m. on May 20, 2018 and stopped for gas. *Id.* ¶¶ 12-14, *see also* ECF No. 12-4(B) (Ranta's GPS).

21.     They left the gas station at 12:34 a.m., and then drove 33 miles in 48 minutes to a Denny's restaurant at 6171 Melton Road in Portage, Indiana, arriving at 1:22 a.m. *Id.* ¶¶ 14-16.

22.     They crossed into Indiana approximately 36 minutes into their journey around 1:10 a.m. *Id.* ¶ 15.

23.     Only Mr. Lee was asleep during the drive to Denny's. *Id.* ¶ 17.

24.     The party left Denny's at 2:35 a.m. and drove for 2 hours and 37 minutes to Mr. Ranta's home in Mason, Michigan. *Id.* ¶¶ 18-19.

25.     By the time they arrived, the other wrestlers had fallen asleep and only Ms. Tavel, Mr. Riddle, and Mr. Ranta were awake. *Id.* ¶ 20.

26.     Ms. Tavel, Mr. Riddle and Mr. Ranta spent 12 minutes at Mr. Ranta's home, then drove to the Comfort Inn Metro Airport near Detroit where the performers were staying. *Id.* ¶ 21.

27.     Mr. Riddle and Ms. Tavel's affair continued until about January 2020, when Mr. Riddle's wife learned of the affair and Mr. Riddle ended it. Pl.'s Compl. ¶ 32.

28.     Ms. Tavel had a hard time accepting the end of the relationship, and Mr. Riddle changed his telephone number more than once to avoid her calls.

29.     Mr. Riddle had no control over any alleged employment relationship Ms. Tavel had with Evolve or WWE.

30.     On June 19, 2020, shortly before Mr. Riddle's debut on WWE's popular television program, "Friday Night SmackDown," Ms. Tavel posted on Twitter an accusation that Mr. Riddle had sexually assaulted her "during the van ride, when the 3 other wrestlers had fallen asleep." *See* ECF No. 12-2.

31.     Mr. Riddle adamently denied her accusation and continues to deny her accusation.

**FIRST AFFIRMATIVE DEFENSE – LACK OF PERSONAL JURISDICTION**

32.     Mr. Riddle incorporates and realleges the Facts Common to All Counts into this Affirmative Defense.

33.     The court may not exercise personal jurisdiction over Mr. Riddle because he never availed himself of the privileges of acting in Illinois at the time the litigation-specific activity occurred. *See* ECF No. 30 at 7 (Judge Shah's Opinion and Order of March 24, 2021).

34.     Mr. Riddle's affiliations with Illinois are sporadic and fleeting; he maintains no residence and owns no property in Illinois.

35.     By the time Mr. Riddle was on the bus leaving the event, he had completed his performance, thereby ending his activities purposefully directed at Illinois.

36.     Mr. Riddle was not traveling on an Illinois road, and could not have been traveling on an Illinois road, when the alleged assault allegedly occurred.

37.     It offends traditional notions of fair play and substantial justice to subject Mr. Riddle to jurisdiction in Illinois for an assault that did not occur and could not have occurred in Illinois.

38.     Plaintiff's claims are barred, in whole or in part, by the court's lack of personal jurisdiction over Mr. Riddle.

## SECOND AFFIRMATIVE DEFENSE – CONSENT

39.     Mr. Riddle incorporates and realleges the Facts Common to All Counts into this Affirmative Defense.

40.     Mr. Riddle and Ms. Tavel were engaged in a long-term consensual sexual relationship.

41.     Every sexual encounter they had between them was consensual without any threat or coercion by Mr. Riddle.

42.     Plaintiff's claims are barred in whole or in part by her consent.

## THIRD AFFIRMATIVE DEFENSE – IMPOSSIBILITY

43. Mr. Riddle incorporates and realleges the Facts Common to All Counts into this Affirmative Defense.

44. Ms. Tavel described the location of the alleged April 2017 assault only as occurring "in a vehicle in the parking lot after a wrestling event promoted by Evolve."

45. Mr. Riddle believes this allegation refers to a consensual sexual encounter the couple had in a car on or about April 23, 2017 in New York City after an Evolve event.

46. Mr. Riddle was not in Illinois in April 2017.

47. The alleged battery of April 2017 did not occur, and it is *impossible* that it would have occurred in Illinois.

48. The April 2017 event cannot sustain a claim under the IGVA. *See* ECF No. 30 at 13 ("Riddle correctly points out that the Act would not apply to conduct that occurred outside Illinois.").

49. The May 19, 2018 assault did not occur, and it is *impossible* that it would have occurred in Illinois.

50. Ms. Tavel and Mr. Riddle were riding in a van that crossed the border into Indiana approximately 36 minutes after it left Summit, Illinois. *See* ECF No. 13-4, ¶ 15 (Ranta Affidavit).

51. Only *one* wrestler was asleep during the drive to Indiana. *Id.* ¶ 17.

52. Ms. Tavel's Twitter post announcing the alleged assault claimed that it occurred after *three* wrestlers were asleep. ECF No. 13-2.

53. Several wrestlers fell asleep after the party ate at Denny's in Portage, Indiana, on their way to Livonia, Michigan.

54. Based on Ms. Tavel's statements, the alleged assault of May 19, 2018, could *only* have occurred in Indiana or Michigan.

55.     Without a nexus to the State of Illinois, Ms. Tavel's IGVA claims, based on the alleged assaults of April 2017 and May 2018, collapse against Mr. Riddle.

56.     Plaintiff's claims are barred, in whole or in part, by impossibility.

## FOURTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE

57.     Mr. Riddle incorporates and realleges the Facts Common to All Counts into this Affirmative Defense.

58.     Plaintiff has a duty to mitigate her damages.

59.     On information and belief, Plaintiff has not mitigated her damages.

60.     Plaintiff's claims for damages should be denied or reduced, in whole or in part, for her failure to mitigate her damages.

61.     Wherefore, Defendant Matthew Riddle respectfully requests that the Court dismiss Ms. Tavel's complaint with prejudice and grant such further relief as it deems just and proper.

Dated: April 12, 2021

Respectfully Submitted,

By:     /s/     Kristen Prinz

One of Mr. Riddle's Attorneys

The Prinz Law Firm, P.C.
Kristen Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
Laura Lefkow-Hynes (llefkowhynes@prinz-lawfirm.com)
One East Wacker Drive
Suite 2500
Chicago, Illinois 60601
P: (312) 212-4450
F: (312) 284-4822

## Certificate of Service

I hereby certify that on April 9, 2021, I caused the foregoing to be filed with the Clerk of Court using the CM/ECF system, which served a copy on all counsel of record pursuant to Local Rule 5.9 of the Northern District of Illinois.

| | | |
|---|---|---|
| John Chwarzynski, Jr. | Desiree F. Moore (6286198) | Jerry S. McDevitt |
| HALE & MONICO | Marvis A. Barnes (6317500) | Curtis B. Krasik |
| 53 West Jackson | K&L GATES LLP | K&L GATES LLP |
| Suite 337 | 70 W. Madison Street | K&L Gates Center |
| Chicago, Illinois 60604 | Suite 3100 | 210 Sixth Avenue |
| Tel. (312) 870-6923 | Chicago, Illinois 60602 | Pittsburgh, Penn. 15222 |
| jwc@halemonico.com | Tel. (312) 372-1121 | Tel. (412) 355-6500 |
| | desiree.moore@klgates.com | jerry.mcdevitt@klgates.com |
| | marvis.barnes@klgates.com | curtis.krasik@klgates.com |
| *Attorney for Ms. Tavel* | *Attorneys for WWE* | *Attorneys for WWE* |

| | |
|---|---|
| Lawrence H. Hyman | Gal Pissetzky |
| Lawrence H. Hyman & Associates | Pissetzky Law LLC |
| 111 W. Washington, Suite 1025 | 35 E. Wacker Dr. Suite 1980 |
| Chicago, Illinois 60602 | Chicago, Illinois 60601 |
| Tel. (312) 346-6766 | (847)736-7756 |
| hymanlaw@lhyman.com | gal@pissetzkylaw.com |
| *Attorney for Mr. Sapolsky* | *Attorney for Mr. Sapolsky* |

Respectfully submitted,
/s/ Kristen Prinz_____

Dated: April 9, 2021                    *One of Mr. Riddle's Attorneys*

The Prinz Law Firm
Kristen Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
Laura Lefkow-Hynes (llefkowhynes@prinz-lawfirm.com)
One East Wacker Drive
Suite 2500
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822