UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA TAVEL, | ) |
|         Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  No. 20-cv-06805 |
| | ) |
| MATTHEW RIDDLE, EVOLVE | )  Judge Manish S. Shah |
| WRESTLING, INC., GABE SAPOLSKY, | ) |
| AND WORLD WRESTLING | ) |
| ENTERTAINMENT, INC., | ) |
|         Defendants. | ) |
| | ) |

**Defendant Matthew Riddle's Initial Status Report**

**A.** Counsel for Defendant contacted counsel for Plaintiff via phone and email in an attempt to coordinate an initial joint status but did not receive any response.

**B.** **Attorneys of Record**

Plaintiff's Attorneys:

John Chwarzynski, Jr.
HALE & MONICO
53 West Jackson, Suite 337
Chicago, Illinois 60604
Tel. (312) 870-6923
jwc@halemonico.com

Defendant's Attorneys:

Kristen E. Prinz*
Laura B. Lefkow-Hynes
The Prinz Law Firm, P.C.
1 E. Wacker Drive, Suite 2500
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822
kprinz@prinz-lawfirm.com
llefkowhynes@prinz-lawfirm.com
*Indicates lead trial attorney

**C.** Basis for Federal Jurisdiction

The basis for federal jurisdiction is diversity. 28 U.S.C. § 1332. The parties agree that Defendant Matthew Riddle is an individual domiciled in the State of Florida and Plaintiff

1

Samantha Tavel is an individual domiciled in the State of New York and the amount alleged to be in controversy exceeds $75,000.00.

**D.**     Nature of the Claim

Ms. Tavel alleges Mr. Riddle committed acts of gender violence against her in 2017 and 2018. Mr. Riddle vigorously denies the claims and has asserted affirmative defenses.

**E.**     Principal Legal Issues

The principal legal issues include (1) whether the Court has personal jurisdiction over Mr. Riddle; (2) whether Ms. Tavel has a gender violence claim; (3) whether Ms. Tavel has mitigated her damages.

**F.**     Principal Factual Issues

The principal factual issues include whether Ms. Tavel can demonstrate that any assault actually occurred, and whether such assault occurred in the State of Illinois.

**G.**     Jury Demand

Ms. Tavel has made a jury demand, but Mr. Riddle denies that a jury trial will be necessary.

**H.**     Discovery

Mr. Riddle proposes the following discovery plan:

(a) Electronically stored information ("ESI") will be furnished in PDF or .TIFF format, unless another format is otherwise agreed upon. Prior to conducting any ESI discovery, the parties shall meet and confer on a list of custodians and search terms.

(b) The parties will seek, prior to the production of any documents, a protective order limiting the use of certain documents produced in connection with the litigation of the instant case, and mandating that each party will destroy all documents produced to it by the opposing party following the final appeal of the instant case.

(c) The parties will make all initial disclosures within 30 days of the Joint Status or by May 21, 2021.

(d) The parties do not currently anticipate calling any expert witness in this matter, but

      reserve the right to do so.

   (e)   Physical or mental examinations of any party whose mental or physical condition is in controversy are not anticipated.

   (f)   All discovery will be completed by December 31, 2021. Any written interrogatories or requests for production shall be served no later than thirty (30) days before the discovery cut-off, a date that allows the served parties the full thirty (30) days as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cut-off date. This does not limit the parties' ability to demand that the other side fully respond to disputed discovery requests.

   (g)   No other matter is pertinent to the completion of discovery at this time.

**I.**   <u>Arbitration</u>

There is no mandatory arbitration agreement applicable to this case.

**J.**   <u>Anticipated Motions</u>

Mr. Riddle anticipates filing a motion for summary judgment on Ms. Tavel's claim.

**K.**   <u>Trial</u>

The date by which this case should be reasonably ready for trial is May 1, 2022, or 90 days after the Court has ruled upon the motion for summary judgment, whichever is later.

The estimated length of time to try the case to verdict is 5 to 10 days.

**L.**   <u>Consent to Proceed Before a Magistrate Judge</u>

Mr. Riddle does not consent to proceed before a magistrate judge at this time.

**M.**   <u>Status of Settlement Discussions</u>

Ms. Tavel demanded $10,000,000.000 to settle.

**N.**   <u>Settlement Conference</u>

Mr. Riddle would not consider a magistrate-led settlement conference at this time.

Dated: April 21, 2021                          Respectfully Submitted,

                                                          /s/    Laura Lefkow-Hynes

The Prinz Law Firm, P.C.

Kristen Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
Laura Lefkow-Hynes (llefkowhynes@prinz-lawfirm.com)
One East Wacker Drive
Suite 2500
Chicago, Illinois 60601
P: (312) 212-4450
F: (312) 284-4822

**Certificate of Service**

      I hereby certify that on April 21, 2021, I caused the foregoing to be filed with the Clerk of Court using the CM/ECF system, which served a copy on all counsel of record pursuant to Local Rule 5.9 of the Northern District of Illinois.

John Chwarzynski, Jr.
HALE & MONICO
53 West Jackson, Suite 337
Chicago, Illinois 60604
Tel. (312) 870-6923
jwc@halemonico.com

*Attorney for Ms. Tavel*

Respectfully submitted,

/s/ Kristen Prinz

Dated: April 21, 2021                                        *One of Mr. Riddle's Attorneys*

The Prinz Law Firm
Kristen Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
Laura Lefkow-Hynes (llefkowhynes@prinz-lawfirm.com)
One East Wacker Drive
Suite 2500
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822